BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone:     (619) 723-0369
Facsimile:     (619) 923-1001
email: bryanpease@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY'S PRODUCE, INC.,<br><br>               Plaintiff,<br><br>      v.<br><br>REY & REY PRODUCE, INC., and<br>MANUEL REYNOSO,<br><br>           Defendants. | Civil Action, No.: 08 CV 0930 L WMc<br><br>EX PARTE APPLICATION FOR<br>TEMPORARY RESTRAINING ORDER<br>WITHOUT NOTICE |

Upon the declaration of Yan Skwara, the President/CEO of Plaintiff Sammy's Produce, Inc., the declaration of Bryan W. Pease, and the accompanying memorandum of points and authorities in support, plaintiff hereby moves the Court to issue a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure enforcing the statutory trust pursuant to Section 5(c) of the Perishable Agriculture Commodities Act, 7. U.S.C. § 499e(c), by restraining the transfer of any and all assets of Rey & Rey Produce, Inc.

Dated: May 28, 2008                    By: /s/ Bryan W. Pease_____
                                                Bryan W. Pease
                                                Attorney for Plaintiff

1

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Ex Parte Application

1  BRYAN W. PEASE (SB# 239139)
   302 Washington St. #404
2  San Diego, CA 92103
   Telephone:    (619) 723-0369
3  Facsimile:     (619) 923-1001
   email: bryanpease@gmail.com
4
   Attorney for Plaintiff
5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 SAMMY'S PRODUCE, INC.,              )  Civil Action, No.:  08 CV 0930 L WMc
                                       )
12              Plaintiff,             )  MEMORANDUM OF POINTS AND
                                       )  AUTHORITIES IN SUPPORT OF
13        v.                           )  APPLICATION FOR TEMPORARY
                                       )  RESTRAINING ORDER WITHOUT
14                                     )  NOTICE
   REY & REY PRODUCE, INC., and        )
15 MANUEL REYNOSO,                     )
                                       )
16                                     )
                Defendants.            )
17 _____    )

18        Sammy's Produce, Inc. ("Plaintiff") submits this Memorandum in Support of its

19 Application for Temporary Restraining Order under Rule 65 of the Federal Rules of Civil

20 Procedure enforcing the statutory trust pursuant Section 5(c) of the Perishable

21 Agriculture Commodities Act ("PACA"), 7 U.S.C. §499e(c), by restraining the transfer of any

22 and all PACA trust assets of Sammy's Produce, Inc. ("Sammy's Produce") until there is payment

23 to plaintiff of $95,064.00, pending the entry of a Preliminary Injunction Order.

24                           **INTRODUCTION**

25        Plaintiff is engaged in the business of selling wholesale quantities of perishable

26 agricultural commodities (hereafter "produce") in interstate commerce.  Defendant, Rey & Rey

27 Produce, Inc. ("Rey & Rey"), is a California corporation located in Los Angeles, California.

28 Defendant Rey & Rey purchased wholesale quantities of produce,  and is and was at all times

1

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

1   pertinent herein, a dealer of produce subject to and/or licensed under the Perishable Agricultural

2   Commodities Act, 7 U.S.C. §499a, et seq., ("PACA").

3       Plaintiff seeks enforcement of the statutory trust established under the PACA, 7 U.S.C.

4   §499e(c), and the regulations issued pursuant thereto, 7 CFR Part 46, 49 Fed. Reg. 45735 (Nov.

5   20, 1984) (the "PACA regulations"). The Court's jurisdiction is invoked pursuant to 7 U.S.C.

6   §499e(c)(5)(i).

7                           **THE PACA TRUST**

8       The PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the

9   marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of

10  fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

11      In 1984, the PACA was amended to assure that suppliers of produce are paid by imposing

12  a statutory trust on all produce-related assets, such as the produce itself or other products derived

13  therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural

14  merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). *Tanimura & Antle, Inc. v. Packed Fresh*

15  *Produce, Inc*., 222 F.3d 132 (3rd Cir. 2000); *Frio Ice, S.A. v. Sunfruit, Inc*., 918 F.2d 154 (11th

16  Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers or agents

17  who provided the commodities until full payment has been made.  *Id*. The trust provision thus

18  offers sellers of produce, "a self-help tool that will enable them to protect themselves against the

19  abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of

20  fruits and vegetables." 49 Fed. Reg. at 45737.

21      Failure to maintain the trust and make full payment promptly to the trust beneficiary is

22  unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner

23  that such assets are freely available to satisfy outstanding obligations to sellers of perishable

24  agricultural commodities[,]" and any act or omission inconsistent with this responsibility,

25  including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust

26  assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain

27  payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

28

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

**BACKGROUND OF THIS ACTION**

**AND THE INSTANT MOTION**

Plaintiff is a wholesaler of produce with a principal place of business in California, which sold and delivered wholesale quantities of produce to defendants in the unpaid amount of $95,064.00, all of which qualifies for trust protection. There is no dispute that Plaintiff is owed $95,064.00 in trust assets from Defendants, and Defendants have provided several checks to Plaintiff for the trust payments that were dishonored by the bank due to insufficient funds.

Plaintiff is a beneficiary of the statutory trust which defendants are required to maintain until full payment is made to plaintiff for the produce. Defendants are past due in paying plaintiff for the produce.  Defendants' failure, refusal and inability to pay Plaintiff, show that Defendants are failing to maintain the trust required by statute, and the trust assets will continue to be dissipated unless the relief requested is granted.

**THE STANDARD FOR GRANTING RELIEF**

The standard for granting injunctive relief in the Ninth Circuit requires the moving party to show: (1) a strong likelihood of success on the merits; (2) irreparable harm if the relief is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) the issuance of the injunction will not be adverse to the public interest. *Regents of University of California v. ABC, Inc*., 747 F.2d 511, 515 (9th Cir. 1984); *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  The facts in this case show that the plaintiff is entitled to the requested relief.

    1.    **Plaintiff Is A Trust Beneficiary Entitled To Enforce The PACA Trust -- The Likelihood That Plaintiff Will Prevail On The Merits Is Great**

Plaintiff's entitlement to the relief requested so as to enable it to enforce the trust provisions of PACA and the PACA regulations to secure its trust claim for $95,064.00 is clear. First, Plaintiff is a supplier or seller of wholesale quantities of produce. Second, Plaintiff sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of

3

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

1    $95,064.00, which is past due and unpaid. Third, Plaintiff properly preserved its status as a trust

2    creditor of Defendants under PACA by sending invoices for the produce to the Defendant

3    corporation which contained the language as required by 7 U.S.C. §499e(c)(4). Fourth,

4    Defendants are dissipating trust assets in that they have failed and refused to pay plaintiff for the

5    produce supplied by Plaintiff in accordance with the trust provisions of the PACA and have

6    advised Plaintiff that they are unable to pay for the produce.

**2.    Plaintiff Would Be Irreparably Injured Were Defendants Not Ordered To Immediately Comply With The PACA Trust Act.**

In the absence of preliminary relief, there will be no assets in the statutory trust.  Loss of

such assets would be irreparable because Plaintiff will not be able to recover the trust assets once

they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust.

H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin.

News, 405, 411; *Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra*, p. 140; *J. R. Brooks &*

*Son, Inc. v. Norman's Country Mart, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); *Continental Fruit*

*v. Thomas J. Gatziolis & Co.*, 774 F.Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v.*

*Jordan Produce Co., Inc.*, 751 F.Supp. 64 (W.D. Pa. 1990).

**3.    Possible Harm To Defendants Is Slight or Nonexistent.**

By enjoining Defendants from dissipating trust assets, Defendants would only be required

to fulfill the duties imposed by statute. Requiring fulfillment of such a duty cannot be harmful as

a matter of law.  *Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra*, p. 140.

**4.    The Public Interest Favors Granting An Injunction.**

The trust provision specifically declares that the congressional intent behind its passage is

to protect the public interest and to remedy the burden on Sammy's Produce, Inc. by receivers

who do not pay for produce. *Tanimura & Antle, Inc. v. Packed Fresh, Inc., supra*, p. 140. 7

U.S.C. §499e(c)(1). Therefore, the public interest favors granting an injunction.

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

1
2

### 5.     Caselaw Supports Plaintiff's Entitlement To An Injunction.

3       Caselaw supports Plaintiff's entitlement to an immediate injunction requiring

4   nondissipation of trust assets when the produce supplier is not paid.  *Tanimura & Antle, Inc. v.*

5   *Packed Fresh, Inc., supra*, p. 140 (irreparable injury established and injunction should issue upon

6   a showing that the trust was depleted and payment was not readily forthcoming); *Frio Ice, S.A. v.*

7   *Sunfruit, Inc., supra*, p. 159; ("Upon a showing that the trust is being dissipated or threatened

8   with dissipation, a district court should require the PACA debtor to escrow its proceeds from

9   produce sales, identify its receivables, and inventory its assets."); *Dole Fresh Fruit Co. v. United*

10  *Banana Co.*, 821 F.2d 106 (2d Cir. 1987); *In re Richmond Produce Co., Inc.*, 112 B.R. 364, 367

11  (Bkrtcy. N.D. Cal. 1990).

12      ### 6.     There is no Tracing Requirement for the PACA Trust

13      The PACA statute does not require tracing and therefore trust assets are to be preserved

14  as a non-segregated "floating trust."  In addition, the statute recognizes that commingling is

15  contemplated.  If a dispute arises regarding the identification of trust assets, the debtor has the

16  burden to establish what, if any, assets are not subject to the PACA Trust.  *See In re Fresh*

17  *Approach*, 51 B.R.412, 422 (Bankr. N.D. Texas 1985) ["*Fresh Approach II*"], a seminal judicial

18  decision analyzing the impact of the statutory trust provisions.

19      In accordance with legislative directives, the court in *Fresh Approach II* based its

20  decision upon the Packers and Stockyards Act, 1921 [7 U.S.C. § 181, *et seq.*]  (hereinafter

21  "PSA"), and its subsequent line of cases, concluding that the trust created by the PACA was

22  intended to be a "floating non-segregated statutory trust," to which claimants need not trace

23  funds.  *See, In re Monterey House*, 71 B.R. 244, 247 (Bankr. S.D. Texas 1986).  Furthermore, the

24  court in *First State Bank v. Gotham Provision Co. (In re Gotham Provision Co.)*, 699 F.2d 1000,

25  1011 (5th Cir. 1982) (hereinafter "*Gotham*"), in holding that the PSA established a floating trust,

26  stated:

27          [W]here trust funds are commingled with funds not subject to the trust, a lien on the
28          entire commingled fund exists for the benefit of the beneficiaries of the trust.

5

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

The *Gotham* court further held that when commingling occurs, the only burden on the unpaid cash sellers is to prove the balance due to them and the existence of a floating pool of commingled inventories of livestock products, accounts receivable and proceeds derived from cash and credit sales.  *Id.*  The court in *Gotham*, however, clearly placed the burden on the bankruptcy trustee (and the lending institution) to show that receivables were not subject to the PACA trust.  *Id.* at 1012.  *In re Hancock-Nelson Mercantile, Inc.*, 95 B.R. 982 (Bankr. N.D. Minn. 1989); *In re W.L. Bradley Company, Inc.*, 75 B.R. 505 (E.D. Pa. 1987).

*In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir.N.Y. 1996) is particularly instructive because of its analysis of the issue of what property makes up the corpus of the PACA Trust. The *Kornblum* court rejected the debtor's contention that the only assets that are held in trust for a particular PACA beneficiary are the specific produce or proceeds supplied by that beneficiary. The court accepted the beneficiary's argument that the res of the PACA Trust is not so limited and that "a single PACA trust exists for the benefit of all of the sellers to a Produce Debtor, and continues in existence until all of the outstanding beneficiaries have been paid in full."

The *Kornblum* court set forth a three-prong tested for analyzing whether specific property is part of the PACA Trust.  In order to prove that the property is not part of the PACA Trust, the debtor has the burden to establish either that (1) no PACA trust existed when the specific property was purchased; (2) even though a PACA Trust existed at that time, the property was not purchased with trust assets; or (3) although a PACA Trust existed when the property was purchased and the property was purchased with trust assets, the debtor thereafter paid all unpaid sellers in full prioer to the transactions involving the creditors, thereby terminating the trust.

Moreover, in *In re Atlantic Tropical Market Corporation*, 188 B.R. 139 (Bankr. S.D. Fla. 1990), the court held that the PACA trust fund is established upon the commencement of the purchaser's produce related business.  The court held that any business assets purchased by one who is in the business of buying and selling produce will be presumed to have been purchased with PACA trust assets, and any such assets may thus be viewed as collateral until the PACA trust claim has been paid in full.  *See also, Sanzone-Palmisano Company v. M. Seamen Enterprises, Inc.*, 986 F.2d 1010 (6th Cir. 1993).

6

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

Accordingly, the PACA beneficiary is not required to trace trust funds.  To the extent any dispute arises regarding the trust assets, it is the Debtor who must prove which assets, if any, are not subject to the trust.  *In re Fresh Approach, supra.*

Defendants are required by federal statute to hold all perishable agricultural commodities, the inventories of food or other products derived from the perishable agricultural commodities and the receivables and proceeds from the sale of the perishable agricultural commodities in trust for the PACA beneficiaries.  In the event these liquid and intangible assets are insufficient to fully satisfy Plaintiff's trust claims, Plaintiff may look to other assets of Defendants for security of its trust claims.  Defendants herein have failed or otherwise refused to perform their statutory duties and Plaintiff is therefore entitled to injunctive relief, which will require Defendants to set aside sufficient assets to fully satisfy their statutory trust obligations and which will restrain Defendants from any dissipation of the assets required to be held in trust.

**7.    No Bond Should Be Required to Grant Preliminary Relief**

No bond should be required as a condition of preliminary relief, as Defendants are currently in possession and control of $95,064.00 of Plaintiffs' trust assets.  Federal Rule of Civl Procedure 65(c) speaks of requiring a bond "for payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." However, the court has the discretion to dispense with the requirement of a bond completely under appropriate circumstances or to require a nominal bond.  *Sundor Brands, Inc. v. Borden, Inc.*, 653 F. Supp. 86, 93 (M.D. Fla. 1986).  *See also, California ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1324-25, *as amended* 775 F.2d 998 (9th Cir. 1985); *Wayne Chemical, Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 701 (7th Cir. 1977).

In the instant matter, the Restraining Order sought does no more than require Defendants to simply comply with the trust provisions of the PACA.  As required under PACA, Defendants are to pay or to preserve sufficient assets to satisfy qualified PACA trust claims which they are already statutorily mandated to do.

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

The monies are clearly not Defendants' property. Rather, Defendants merely hold them as trustee for Plaintiff. Accordingly, there is no potential harm to Defendants from an order compelling them to comply with the law and to set aside funds that are not Defendants' property.

As such, no bond should be required. In none of the other reported cases under PACA trust provisions in which preliminary relief was ordered did the court require a bond. *See, e.g., J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc., supra,* 98 B.R. at 50-51; *In re W.L. Bradley Co.,* 75 B.R. 505, 513-14 (Bankr. E.D. Pa. 1987). In *Chiquita Fresh, N.A., L.L.C. v. Sammy's Produce, Inc.*, Civil Action No: 08-CV714 JLS (POR), District Judge Janis L. Sammartino issued an order expressly holding that no bond was necessary. A true and correct copy of this ruling is attached hereto and incorporated by reference as Exhibit 1.

Accordingly, Plaintiffs submit that the posting of a bond should not be a condition of obtaining a temporary restraining order or preliminary injunction compelling Defendants to comply with the trust provisions of the PACA and to set aside the trust funds in their possession. Alternatively, should this Court feel some bond is appropriate, no more than a nominal bond should be required.

## CONCLUSION

The instant application by which plaintiff seeks an order directing Defendants to comply with PACA and enjoining them from taking any action inconsistent with the duty of trust maintenance imposed upon defendants by PACA, is designed to afford Plaintiff that which is necessary, in the way of preliminary judicial relief, if plaintiff is to be able to avail itself of its statutory trust rights.

For the foregoing reasons, plaintiff respectfully submits that its Applications for Temporary Restraining Order and Preliminary Injunction should be granted.

Dated: May 28, 2008                    By: /s/ Bryan W. Pease
                                           Bryan W. Pease
                                           Attorney for Plaintiff

8

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
08 CV 0930 L WMc
Points & Authorities for TRO

Exhibit A

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHIQUITA FRESH, N.A., L.L.C.  :
           :
    Plaintiff    :
           :
  v.        :   Civil Action No: 08-CV714 JLS (POR)
           :
SAMMY'S PRODUCE, INC., et al  **ORDER: GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**
           :
    Defendants  :

   This matter is before the Court upon Plaintiff's Motion for A Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1] [Doc. No. 3.] For the following reasons, the Court **GRANTS** Plaintiff's motion for a TRO.

**BACKGROUND**

   Chiquita Fresh, N.A., L.L.C. ("Plaintiff") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a et seq. Sammy's Produce, Inc. ("Sammy's Produce"), purchases wholesale quantities of produce. According to Plaintiff, between February 14, 2008 and March 12, 2008, Plaintiff sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of $73,545.90. Plaintiff contends it

---

[1] Plaintiff has also filed a motion for a preliminary injunction. [Doc. No. 4.]

has not been paid any monies by Defendants for the $73,545.90 worth of commodities that it sold. Plaintiff asserts that Defendants have repeatedly advised that they are unable to pay the $73,545.90 owed because they have severe cash flow problems. Plaintiff argues that Defendants are failing to comply with their statutory duties under PACA to hold the undisputed amount of $73,545.90 in trust for the benefit of Plaintiff and to pay said sum to Plaintiff. Accordingly, Plaintiff is requesting that this Court issue an immediate injunction requiring non-dissipation of the trust assets.

## LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss, or damage will result if the Court does not grant their motion for a TRO. TROs are governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum

Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir. 2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005).[2]

---

[2] Plaintiff argues that it has satisfied the traditional test.

## GOVERNING LAW

PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts."  49 Fed. Reg at 45737.

In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers.  7 U.S.C. §499e(c)(2).  Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990).  The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities until full payment has been made.  Id.  The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables."  49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful.  7 U.S.C. §499b(4).  Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed.  7 CFR §46.46(e)(1).  Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

# ANALYSIS

## I. Plaintiff Satisfies the Traditional Test for a TRO

### A. Plaintiff Has a Strong Likelihood of Success on the Merits

Plaintiff appears entitled to enforce the PACA trust provisions and regulations to secure its trust claim for $73,545. First, Plaintiff is a supplier or seller of wholesale quantities of produce. Second, Plaintiff sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $73,545.90, which is allegedly past due and unpaid. Third, Plaintiff seems to have properly preserved its status as a trust creditor of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation. Fourth, Defendants have apparently advised Plaintiff that they are unable to pay.

### B. Plaintiff Faces the Possibility of Irreparable Injury if the TRO is not Granted

In the absence of preliminary relief, there could be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiff would not be able to recover the trust assets once they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust. See H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc., 222 F.3d at 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

### C. Issuing a TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest

By enjoining defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. Tanimura & Antle, Inc., 222 F.3d at 140. Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiff, by receivers who do not pay for produce. Id.; 7 U.S.C. §499e(c)(1).[3]

### CONCLUSION

Based on the foregoing reasons and consideration of Plaintiff's motion, the Court finds that Plaintiff risks immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO should be issued without notice to the Defendants.

The Court hereby **ORDERS**:

(1)    Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the sum of $73,545.90 by cashiers check or certified check at which time the Order is dissolved.

(2)    In the event Defendants fail to pay Plaintiff the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order, then the Defendants shall file with this Court, and provide a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury. Defendants shall also supply to Plaintiff's attorney, within ten (10) days

---

[3]   In addition, the Court recognizes various decisions that support granting a TRO under similar circumstances. Tanimura & Antle, 222 F.3d at 140; Frio Ice, S.A., 918 F.2d at 159; Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106 (2d Cir. 1987); In re Richmond Produce Co., Inc., 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990); Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc., 2007 U.S. Dist. LEXIS 96798 (S.D. Fla. 2007); W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc., 2006 U.S. Dist. LEXIS 93216 (D.N.D. 2006).

of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

(3)  Bond shall be waived in view of the fact that Defendants now hold the aggregate amount of $73,545.90 of Plaintiff's assets.

(4)  This Temporary Restraining Order is entered this 22nd day of April, 2008 at 3:30 p.m. A hearing on Plaintiff's Motion for Preliminary Injunction is set for **May 9, 2008** at 10:30 a.m. in Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego, CA 92101.

(5)  The Plaintiff shall forthwith serve Defendants and their counsel with a copy of this Order.

(6)  Defendants' opposition to Plaintiff's motion for a preliminary injunction, if any, shall be filed no later than **April 30, 2008** with a courtesy copy to be delivered to chambers on that date. Plaintiff's reply, if any, shall be filed no later than **May 5, 2008**.

IT IS SO ORDERED.

Dated: April 22, 2008

Honorable Janis. L. Sammartino
United States District Court

1  BRYAN W. PEASE (SB# 239139)
   302 Washington St. #404
2  San Diego, CA 92103
   Telephone:     (619) 723-0369
3  Facsimile:     (619) 923-1001
   email: bryanpease@gmail.com
4
   Attorney for Plaintiff
5

6

7                          UNITED STATES DISTRICT COURT
8
                      FOR THE SOUTHERN DISTRICT OF CALIFORNIA
9

10 SAMMY'S PRODUCE, INC.,                ) Civil Action, No.:  08 CV 0930 L WMc
                                         )
11                      Plaintiff,       ) DECLARATION OF YAN SKWARA IN
                                         ) SUPPORT OF APPLICATION FOR
12           v.                          ) TEMPORARY RESTRAINING ORDER
                                         ) WITHOUT NOTICE AND PRELIMINARY
13                                       ) INJUNCTION
   REY & REY PRODUCE, INC. and           )
14 MANUEL REYNOSO,                       )
                                         )
15                      Defendants.      )
                                         )
16                                       )
                                         )
17                                       )
                                         )
18 _____)

19         Yan Skwara, being duly sworn, deposes and says:

20         1.      I am the President and CEO of Sammy's Produce, Inc. and make this declaration

21 in support of an application for emergency relief pursuant to Rule 65 of the Federal Rules of

22 Civil Procedure.

23         2.      I am personally familiar with all matters which are the subject of this proceeding

24 and the facts set forth in this declaration are within my personal knowledge.  If called upon as a

25 witness, I would and could competently testify to all facts stated in this declaration.

26         3.      Sammy's Produce, Inc. is a corporation with a principal place of business in San

27 Diego, California, which sells wholesale quantities of perishable agricultural commodities

28 (hereafter "produce").  Sammy's Produce is a produce dealer subject to and licensed under the

                                          1                  Sammy's Produce, Inc. v.
                                                        Rey & Rey Produce, Inc., et al.
                                                          Declaration of Yan Skwara

1    Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499a *et seq.* (hereafter

2    "PACA").

3        4.      a.      Defendant, Rey & Rey Produce, Inc., is a produce dealer as defined by 7

4    U.S.C. § 499a and operates subject to and is licensed under the PACA.

5              b.      Upon information or belief, Manuel Reynoso is and was responsible for

6    the day-to-day operations of Hierro's Market during the time in question and was in a position of

7    control over the PACA trust assets belonging to Sammy's Produce.

8        5.      The sales and accounts receivable records of Sammy's Produce, including

9    invoices and account statements, are made in the ordinary course of business and are made at or

10    near the time of the occurrence of the event of which they are a record. These business records

11    are made by me or under my direction and supervision by employees whose duty it is to prepare

12    such documents.

13        6.      Between October 12, 2007 and November 3, 2007 Sammy' s Produce sold and

14    delivered to defendants, in interstate commerce, various wholesale lots of produce worth

15    $95,064.00, which remains unpaid.  True and correct copies of the outstanding invoices are

16    attached hereto as Exhibit 1 and are herein incorporated by reference.

17        7.      Defendants accepted the produce received from Sammy's Produce.

18        10.     Sammy's Produce preserved its interest in the PACA trust in the amount of

19    $95,064.00 by timely delivering invoices to defendants, which contained the language required

20    under Section 5(c) of the PACA, 7 U.S.C. § 499ae(c).    (See Exhibit 1 attached hereto).

21        11.     Defendants are obligated to hold in trust all produce-related assets received from

22    the sale of produce in order to pay $95,064.00 to Sammy' s Produce.

23        12.     Defendants have not disputed the debt in any way, and they have sent checks to

24    plaintiff that were returned by the bank for insufficient funds, in direct violation of the trust

25    provisions of the PACA.  True and correct copies of these returned checks are attached as

26    Exhibit 2 and herein incorporated by reference.

27        13.     Defendants' failure, refusal and inability to pay demonstrate that defendants are

28    failing to maintain sufficient assets in the statutory trust and are dissipating assets.

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Yan Skwara

1      14.     Unless the assets of the defendant corporation are frozen, it is likely that the trust

2 assets will continue to be dissipated.  As a result, Sammy's Produce will suffer immediate and

3 irreparable harm because it will lose the trust assets and rights that are owed under the statute.

4      15.     No provisional remedy has been secured or sought in this action, and no prior

5 application has been made for the same or similar relief as sought herein.

6      I declare under penalty of perjury that the foregoing is true and correct to my knowledge,

7 except those matters alleged on the basis of information or belief, and as to those matters, I

8 believe them to be true.

9

10 Executed on May 2 7, 2008                     By: SAMMY'S PRODUCE, INC.

11

12                                             _____

13                                      Yan Skwara
                                     President/CEO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Yan Skwara

Exhibit 1

2:37 PM
05/19/08
Accrual Basis

# Sammy's Produce Inc.
## Customer Open Balance
### All Transactions

| Type | Date | Num | Memo | Due Date | Open Balance | Amount |
|------|------|-----|------|----------|--------------|--------|
| **Rey & Rey Produce, Inc.** | | | | | | |
| Invoice | 10/12/2007 | 3653 | | 11/2/2007 | 2,008.00 | 5,698.00 |
| Invoice | 10/12/2007 | 3654 | | 11/2/2007 | 8,800.00 | 8,800.00 |
| Invoice | 10/16/2007 | 3678 | | 11/6/2007 | 5,698.00 | 5,698.00 |
| Invoice | 10/19/2007 | 3718 | | 11/9/2007 | 10,498.00 | 10,498.00 |
| Invoice | 10/26/2007 | 3822 | | 11/16/2007 | 12,320.00 | 12,320.00 |
| Invoice | 10/29/2007 | 3845 | | 11/19/2007 | 11,880.00 | 11,880.00 |
| Invoice | 10/30/2007 | 3848 | | 11/20/2007 | 11,880.00 | 11,880.00 |
| Invoice | 10/30/2007 | 3853 | | 11/20/2007 | 5,940.00 | 5,940.00 |
| Invoice | 11/1/2007 | 3921 | | 11/22/2007 | 11,960.00 | 11,960.00 |
| Invoice | 11/3/2007 | 3967 | | 11/24/2007 | 14,080.00 | 14,080.00 |
| **Total Rey & Rey Produce, Inc.** | | | | | 95,064.00 | 98,754.00 |
| **TOTAL** | | | | | 95,064.00 | 98,754.00 |



# Invoice

| Date | Invoice # |
|------|-----------|
| 10/12/2007 | 3653 |
| **Terms** | **Due Date** |
| NET 21 | 11/2/2007 |

**Bill To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

**Ship To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|----------|-------------|-----------|----------|--------|-----|
| 349 | 16558 | 10/12/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 440 | 5x5 Tomatoes | 5x5 Tomatoes | 12.95 | 5,698.00 |

$2008.00

**Total**                    $5,698.00

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/12/2007 | 349 |

| Name / Address |
|---|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16558 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 5x5 Tomatoes | 5x5 Tomatoes  # 13179 | 440 | 12.95 | 5,698.00 |

| | Total | $5,698.00 |
|---|---|---|

| Shipper's Number | 16558 | MOTOR CARRIER | | LICENSE | |
|---|---|---|---|---|---|
| | | STRAIGHT BILL OF LADING | TRUCK | State | Number |
| Date | 10/12/2007 | FOR EXEMPT COMMODITIES | | | |
| | | Original Non-negotiable | TRAILER | | |

(NAME AND ADDRESS OF CARRIER) USA5

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

| TO (Name and Address of Consignee) | P.O. # | FROM: |
|---|---|---|
| Rey&Rey Produce | En | **Sammy's Produce, Inc.** |
| | | **1280 N. Melrose** |
| | | **Vista, CA 92083** |
| | | **(760) 631-4250** |

**DESTINATION**
722 S. Alameda St     los Angeles, Ca 92001

**STOP-OFF INSTRUCTIONS**

None

Loaded at: (Specify location of cooler; packinghouse; field, etc.)

**Vista, CA**

Truck Broker, if any: (Name and Address)
**None**

| No. Packages | Description of articles and special marks | |
|---|---|---|
| | #13179 | |
| 440 | Tomatoes     5x5 | $1295 |

Motor Carrier Arranged for by ..... CONSIGNEE ☐   SHIPPER ☐

**FREIGHT CHARGES TO BE PAID BY**

SHIPPER          RECEIVER

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of    $ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| **None** | | |
| | LOW | HIGH |
| TEMPERATURE RANGE TO BE MAINTAINED | 48 | 50 |
| | DATE | TIME |
| LOAD COMPLETED | 10/12/2007 | |

(SHIPPER)    **Sammy's Produce, Inc.**
**1280 N. Melrose**
**Vista, CA 92083**
**(760) 631-4250**

Enrique
Signature of Consignor

**SPECIAL INSTRUCTIONS**

TELEPHONE RECEIVER EVERY MORNING:

Phone: _____ (area code) _____ (number) _____

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.

Signed _____ Date _____

**CONSIGNEE'S RECEIPT**

Date: _____    Signed: _____



# Invoice

| Date | Invoice # |
|------|-----------|
| 10/12/2007 | 3654 |

| Terms | Due Date |
|-------|----------|
| NET 21 | 11/2/2007 |

**Bill To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

**Ship To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|----------|-------------|-----------|----------|--------|-----|
| 350 | 16559 | 10/12/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 800 | Roma Tomatoes | Roma Tomatoes Large | 11.00 | 8,800.00 |

| | Total | $8,800.00 |
|---|-------|-----------|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/12/2007 | 350 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16559 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| Roma Tomatoes | Roma Tomatoes Large  #13151 | 800 | 11.00 | 8,800.00 |

| | Total | $8,800.00 |
|--|-------|-----------|

| Shipper's Number | 16559 | **MOTOR CARRIER** | | LICENSE | |
|---|---|---|---|---|---|
| | | STRAIGHT BILL OF LADING | TRUCK | State | Number |
| Date | 10/12/2007 | FOR EXEMPT COMMODITIES | | | |
| | | Original Non-negotiable | TRAILER | CA | AB2628 |

(NAME AND ADDRESS OF CARRIER) G. S.

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

| TO (Name and Address of Consignee) | P.O. # | FROM: |
|---|---|---|
| Rey&Rey Produce | En | **Sammy's Produce, Inc.** |

**DESTINATION**
722 S. Alameda St    los Angeles, Ca 92001

**Sammy's Produce, Inc.**
1280 N. Melrose
Vista, CA 92083
(760) 631-4250

| STOP-OFF INSTRUCTIONS | Loaded at: (Specify location of cooler; packinghouse; field, etc.) |
|---|---|
| None | **Vista, CA** |

| No. Packages | Description of articles and special marks | Truck Broker, if any: (Name and Address) |
|---|---|---|
| | #13151 | **None** |
| 1800 800 | Roma Tomatoes   $11.00 Large | |

Motor Carrier Arranged for by ..... CONSIGNEE ☐  SHIPPER ☐

**FREIGHT CHARGES TO BE PAID BY**

SHIPPER          RECEIVER

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of    $ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| None | | |

| | LOW | HIGH |
|---|---|---|
| TEMPERATURE RANGE TO BE MAINTAINED | 48 | 50 |

| | DATE | TIME |
|---|---|---|
| LOAD COMPLETED | 10/12/2007 | |

(SHIPPER)  **Sammy's Produce, Inc.**
1280 N. Melrose
Vista, CA 92083
(760) 631-4250

Enrique
Signature of Consignor

**SPECIAL INSTRUCTIONS**

**TELEPHONE RECEIVER EVERY MORNING:**

Phone:_____
        (area code)        (number)

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.
Signed _____ Date _____

**CONSIGNEE'S RECEIPT**

Date:_____      Signed:_____



# Invoice

| Date | Invoice # |
|------|-----------|
| 10/16/2007 | 3678 |
| **Terms** | **Due Date** |
| NET 21 | 11/6/2007 |

| **Bill To** | **Ship To** |
|-------------|-------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 | Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|----------|-------------|-----------|----------|--------|-----|
| 387 | 16610 | 10/16/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 440 | 5x5 Tomatoes | 5x5 Tomatoes #13179 | 12.95 | 5,698.00 |

| | **Total** | **$5,698.00** |
|---|---|---|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/16/2007 | 387 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16610 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 5x5 Tomatoes | 5x5 Tomatoes  #13179 | 440 | 12.95 | 5,698.00 |

| | Total | |
|--|-------|--|
| | | $5,698.00 |

| Shipper's Number | **16610** | **MOTOR CARRIER** | | LICENSE | |
|---|---|---|---|---|---|
| | | STRAIGHT BILL OF LADING | | State | Number |
| Date | 10/12/2007 | FOR EXEMPT COMMODITIES | TRUCK | | |
| | | Original Non-negotiable | TRAILER | CA | 4ES4215 |

(NAME AND ADDRESS OF CARRIER)  GS Trucking

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

| TO (Name and Address of Consignee) | P.O. # | FROM: |
|---|---|---|
| Rey&Rey Produce | En | **Sammy's Produce, Inc.**<br>1280 N. Melrose<br>Vista, CA 92083<br>(760) 631-4250 |

**DESTINATION**
722 S. Alameda St          los Angeles, Ca 92001

| STOP-OFF INSTRUCTIONS | Loaded at: (Specify location of cooler; packinghouse; field, etc.) |
|---|---|
| **None** | **Vista, CA** |

| No. Packages | Description of articles and special marks | |
|---|---|---|
| 440 | #13179      $12 95<br>Tomatoes  5x5 | Truck Broker, if any: (Name and Address)<br>**None** |

**Motor Carrier Arranged for by . . . . . CONSIGNEE ☐  SHIPPER ☐**

**FREIGHT CHARGES TO BE PAID BY**

*SHIPPER*                      **RECEIVER**

*The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of*  $ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| **None** | | |
| | LOW | HIGH |
| TEMPERATURE RANGE TO BE MAINTAINED | 48 | 50 |
| | DATE | TIME |
| LOAD COMPLETED | 10/12/2007 | |

(SHIPPER)  **Sammy's Produce, Inc.**
1280 N. Melrose
Vista, CA 92083
(760) 631-4250

Enrique
Signature of Consignor

**SPECIAL INSTRUCTIONS**

**TELEPHONE RECEIVER EVERY MORNING:**

Phone: _____
(area code)     (number)

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.

Signed _____ Date _____

CONSIGNEE'S RECEIPT

Date: _____     Signed: _____



# Invoice

| Date | Invoice # |
|---|---|
| 10/19/2007 | 3718 |
| **Terms** | **Due Date** |
| NET 21 | 11/9/2007 |

**Bill To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

**Ship To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|---|---|---|---|---|---|
| 399 | 16649 | 10/19/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 440 | 5x5 Tomatoes | 5x5 Tomatoes | 12.95 | 5,698.00 |
| 400 | Roma Tomatoes XL | Roma Tomatoes XL | 12.00 | 4,800.00 |

| | Total | $10,498.00 |
|---|---|---|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/18/2007 | 399 |

| Name / Address |
|---|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16649 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 5x5 Tomatoes<br>Roma Tomatoes XL | 5x5 Tomatoes<br>Roma Tomatoes XL | | | |

*(handwritten annotations:)* 13181 79   440 / 400

YL 160

2 13176-180

13178-160 160

1 85 13185-80

| | Total | $10,498.00 |

| Shipper's Number | 16649 | **MOTOR CARRIER** | | LICENSE | |
|---|---|---|---|---|---|
| | | STRAIGHT BILL OF LADING | | State | Number |
| Date | 10/18/2007 | FOR EXEMPT COMMODITIES | TRUCK | | |
| | | Original Non-negotiable | TRAILER | | |

(NAME AND ADDRESS OF CARRIER)    *J-L trucking*

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

| TO (Name and Address of Consignee) | P.O. # | FROM: |
|---|---|---|
| Rey&Rey Produce | En | **Sammy's Produce, Inc.** |
| | | **1280 N. Melrose** |
| | | **Vista, CA 92083** |
| **DESTINATION** | | **(760) 631-4250** |
| **722 S. Alameda St**    los Angeles, Ca 92001 | | |

| STOP-OFF INSTRUCTIONS | Loaded at: (Specify location of cooler; packinghouse; field, etc.) |
|---|---|
| **None** | **Vista, CA** |

| No. Packages | Description of articles and special marks | Truck Broker, if any: (Name and Address) |
|---|---|---|
| | | **None** |

Motor Carrier Arranged for by ..... CONSIGNEE ☐    SHIPPER ☐

| No. Packages | Description of articles and special marks |
|---|---|
| | *13179 - ok $12.95* |
| 440 | Tomatoes  5x5   *$12* |
| 400 | Roma Tomatoes  *$12.00*  *XLarge* |
| | *160 # 13176 - ok* |
| | *160 # 13178 - ok* |
| | *80 # 13185 - ok* |

**FREIGHT CHARGES TO BE PAID BY**

|  SHIPPER  |  RECEIVER  |
|---|---|

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of    $ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| **None** | | |
| | LOW | HIGH |
| TEMPERATURE RANGE TO BE MAINTAINED | 48 | 50 |
| | DATE | TIME |
| LOAD COMPLETED | 10/18/2007 | *3:44 pm* |

(SHIPPER)    **Sammy's Produce, Inc.**
**1280 N. Melrose**
**Vista, CA 92083**
**(760) 631-4250**

*Enrique*
Signature of Consignor

**SPECIAL INSTRUCTIONS**

**TELEPHONE RECEIVER EVERY MORNING:**

Phone: _____
        (area code)    (number)

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.
Signed _____    Date 10-18-07

CONSIGNEE'S RECEIPT

Date: _____    Signed: _____

# SAMMY'S
## Produce, Inc.
P.O. Box 95 Vista, CA 92085
Business: 760-631-4250
Fax: 760-631-4255

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/26/2007 | 3822 |

| Terms | Due Date |
|-------|----------|
| NET 21 | 11/16/2007 |

**Bill To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

**Ship To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|----------|-------------|-----------|----------|--------|-----|
| 493 | 10013 | 10/26/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1,144 | 4x5 Tomatoes | 4x5 Tomatoes  #13225 | 7.00 | 8,008.00 |
| 616 | 5x5 Tomatoes | 5x5 Tomatoes  #13225 | 7.00 | 4,312.00 |

| **Total** | **$12,320.00** |
|-----------|-----------------|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/26/2007 | 493 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 10013 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 4x5 Tomatoes | 4x5 Tomatoes  #13225 | 1,144 | 7.00 | 8,008.00 |
| 5x5 Tomatoes | 5x5 Tomatoes  #13225 | 616 | 7.00 | 4,312.00 |

| Total | $12,320.00 |
|-------|------------|

**Shipper's Number** #10013

**Date** 10/26/2007

# MOTOR CARRIER
## STRAIGHT BILL OF LADING
### FOR EXEMPT COMMODITIES
## Original Non-negotiable

TRUCK

TRAILER

| LICENSE | |
|---|---|
| State | Number |
| | |
| | |

(NAME AND ADDRESS OF CARRIER) Corea Trucking

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

**TO** (Name and Address of Consignee)
Rey&Rey Produce

**P.O. #**
En

**FROM:**

**Sammy's Produce
1280 N. Melrose
Vista, CA 92083
(760)631-4250**

**DESTINATION**
722 S. Alameda St     los Angeles, Ca 92001

**STOP-OFF INSTRUCTIONS**
None

**Loaded at:** (Specify location of cooler; packinghouse; field, etc.)
Vista, CA

| No. Packages | Description of articles and special marks |
|---|---|
| 1144 1760 | Tomatoes  4x5     #13225  $7⁰⁰ |
| 616 | Tomatoes 5X5 |

**Truck Broker, if any:** (Name and Address)
None

**Motor Carrier Arranged for by .... CONSIGNEE ☐  SHIPPER ☐**

**FREIGHT CHARGES TO BE PAID BY**

| | |
|---|---|
| SHIPPER | RECEIVER |

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of

$ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| None | | |
| **TEMPERATURE RANGE TO BE MAINTAINED** | LOW 48 | HIGH 50 |
| **LOAD COMPLETED** | DATE 10/26/2007 | TIME |

**(SHIPPER)**

**Sammy's Produce
1280 N. Melrose
Vista, CA 92083
(760)631-4250**

Enrique
Signature of Consignor

**SPECIAL INSTRUCTIONS**

**TELEPHONE RECEIVER EVERY MORNING:**

Phone: _____
            (area code)        (number)

**DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.**

Signed _____ Date _____

**CONSIGNEE'S RECEIPT**

Date: _____   Signed: _____

# CORREA TRUCKING
### Moreno Valley CA

| Lucy | Fax | Fernando |
|---|---|---|
| 951-902-5015 | 951-653-2913 | 951-902-5014 |

DATE 10-26-07

TRUCK NO. 02     TRAILER 520     LOAD # 0153/246

| RECEIVED FROM | SAMMY'S | DELIVERED TO | REY & REY |
|---|---|---|---|
| ADDRESS | Produce | ADDRESS | Produce |
| CITY | Vista, CA | CITY | Los Angeles, CA |

1,144   4x5 Tomato
616   5x5 tomato

not lo 10/26/07

DRIVER Fernando



**P.O. Box 95 Vista, CA 92085**
Business: 760-631-4250
Fax: 760-631-4255

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/29/2007 | 3845 |
| **Terms** | **Due Date** |
| NET 21 | 11/19/2007 |

**Bill To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

**Ship To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|----------|-------------|-----------|----------|--------|-----|
| 509 | | 10/29/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1,760 | 4x5 Tomatoes | 4x5 Tomatoes | 6.75 | 11,880.00 |

| | **Total** | **$11,880.00** |
|--|-----------|----------------|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/29/2007 | 509 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
|  | EN |  |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 4x5 Tomatoes | 4x5 Tomatoes | 1,760 | 6.75 | 11,880.00 |

# 13237

| | Total | $11,880.00 |
|--|-------|-----------|

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/29/2007 | 509 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
|          | EN  |         |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 4x5 Tomatoes | 4x5 Tomatoes | 1,760 | 6.75 | 11,880.00 |

#13237

| | Total | |
|--|-------|--|
| | | $11,880.00 |

| LICENSE | |
|---------|---|
| **State** | **Number** |
| | |
| | |

**Shipper's Number** # 509

Date 10/29/2007

# MOTOR CARRIER
## STRAIGHT BILL OF LADING
### FOR EXEMPT COMMODITIES
**Original Non-negotiable**

**TRUCK**

**TRAILER**

(NAME AND ADDRESS OF CARRIER) G8 Trucking

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

**TO** (Name and Address of Consignee)

Rey&Rey Produce

**P.O. #** En

**FROM:**

**Sammy's Produce**
**1280 N. Melrose**
**Vista, CA 92083**
**(760)631-4250**

**DESTINATION**
722 S. Alameda St    los Angeles, Ca 92001

**STOP-OFF INSTRUCTIONS**
None

**Loaded at:** (Specify location of cooler; packinghouse; field, etc.)
**Vista, CA**

| No. Packages | Description of articles and special marks |
|---|---|
| 1760 | Tomatoes  4x5    $6 75 |

**Truck Broker, if any:** (Name and Address)
None

**Motor Carrier Arranged for by . . . . . CONSIGNEE** ☐ **SHIPPER** ☐

**FREIGHT CHARGES TO BE PAID BY**

**SHIPPER**

**RECEIVER**

*The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of*   $ _____

| **TEMP. RECORDER** | **RECORDER #** | **CHART #** |
|---|---|---|
| None | | |
| | **LOW** | **HIGH** |
| **TEMPERATURE RANGE TO BE MAINTAINED** | 48 | 50 |
| | **DATE** | **TIME** |
| **LOAD COMPLETED** | 10/29/2007 | |

**(SHIPPER)**
**Sammy's Produce**
**1280 N. Melrose**
**Vista, CA 92083**
**(760)631-4250**

Enrrw
Signature of Consignor

**SPECIAL INSTRUCTIONS**

**TELEPHONE RECEIVER EVERY MORNING:**

Phone:_____
(area code)    (number)

**DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.**

Signed _____ Date _____

**CONSIGNEE'S RECEIPT**

Date: _____    Signed: _____



Olympic Fruit & Vegetable (BA)
P.O. BOX 530369
San Diego CA 92153

Sales Phone 213-955-3444

**CUSTOMER COPY**
Page 1 of 1

| Invoice | |
|---|---|
| **Date** | **Number** |
| 10/30/07 | 01532557 |

| Bill To: | ACCT NO.   066028 | Ship To: |
|---|---|---|
| SAMMY'S PRODUCE | | SAMMY'S PRODUCE |
| P O BOX 0095 | | P O BOX 0095 |
| VISTA, CA 92085-0095 | | VISTA, CA 92085-0095 |

| Our Order No | Customer P.O. No. | Shipped Via | Terms | Salesperson | Oper. | Whse Loc |
|---|---|---|---|---|---|---|
| 01532557 | " EL SAMUCHYY," | WILL CALL | NET 10 DAY | FEM | FEM | BA |

| Qty Shipped | Description | | Lot # | Unit Price | Amount |
|---|---|---|---|---|---|
| 1760 | TOMATOES, VINE 4X5 | 20# | 24409901 | 6.00 | 10560.00 |
| | ***"LLEGA EN LA NOCHE FRESCO." *** | | | | |
| | ——————END OF INVOICE———— | | | | |

# 13237

| | Please Pay This Amount | |
|---|---|---|
| 1760 | | $10,560.00 |

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 [7 U.S.C. 499e(c)]. The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. I understand and authorize all dishonored checks plus a processing fee with applicable taxes to be electronically debited from my account.

A FINANCE CHARGE calculated at the rate of 1 1/2% PER MONTH (18% ANNUALLY) will be applied to all PAST DUE ACCOUNTS.

Should any action be commenced between the parties to this contract concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award as and for the actual attorney's fees and costs in bringing such action and/or enforcing any judgement granted therein.

ANY CLAIMS FOR SHORTAGE, DAMAGE OR CONDITION WILL NOT BE HONORED UNLESS THE PROBLEM IS REPORTED IN WRITING TO SELLER WITHIN TWENTY FOUR (24) HOURS OF RECEIPT OF PRODUCT AND A TIMELY USDA INSPECTION IS PERFORMED ON THE PRODUCT.

**THANK YOU FOR CHOOSING Olympic Fruit & Vegetable (BA)**

| CUSTOMER SIGNATURE | (PRINT NAME) | DATE | TIME |
|---|---|---|---|

**B.L #** 013255

**GS Trucking**
P.O.BOX 1118
OCEANSIDE CA. 92051
JR. GENARO SANDOVAL 760- 908 6180 24 HRS.
GENARO SANDOVAL 760- 277 0982 24 HRS.

№ **4431**

| DATE: 10/28/07 | CONISGNEE: |
| SHIPPER: | |
| Sammys | Rey Rey |

| PACKAGES | CONTAINER | DESCRIPTION OF COMMODITY | WEIGHT |
|----------|-----------|--------------------------|--------|
| 1760 | CS | Tomatoes 4x5 | |

10/30/07

_____ **P A L L E T S  I N**

_____ **P A L L E T S  O U T**

**T E M P .**

I HAVE RECEIVED THE MERCHANDISE DESCRIBED ABOVE IN GOOD SHIPPING CONDITION
AND HAVE VERIFIED THE COUNT.

RECEIVED BY: _____

# SAMMY'S
## Produce, Inc.

P.O. Box 95 Vista, CA 92085
Business: 760-631-4250
Fax: 760-631-4255

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/30/2007 | 3848 |
| Terms | Due Date |
| NET 21 | 11/20/2007 |

| Bill To | Ship To |
|---------|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 | Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|----------|-------------|-----------|----------|--------|-----|
| 526 | 16196 | 10/30/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1,760 | 4x5 Tomatoes | 4x5 Tomatoes#13240 | 6.75 | 11,880.00 |

| | Total | $11,880.00 |
|--|-------|-----------|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

| Shipper's Number | 16196 | MOTOR CARRIER | | LICENSE | |
|---|---|---|---|---|---|
| | | STRAIGHT BILL OF LADING | TRUCK | State | Number |
| Date | 10/30/2007 | FOR EXEMPT COMMODITIES | | | |
| | | Original Non-negotiable | TRAILER | | |

**(NAME AND ADDRESS OF CARRIER)**

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

**TO** (Name and Address of Consignee)          **P.O. #**   En

Rey&Rey Produce

**FROM:**

# Sammy's Produce, Inc.
## 1280 N. Melrose
## Vista, CA 92083
## (760) 631-4250

**DESTINATION**
722 S. Alameda St          los Angeles, Ca 92001

**STOP-OFF INSTRUCTIONS**

None

Loaded at: (Specify location of cooler; packinghouse; field, etc.)

**Vista, CA**

| No. Packages | Description of articles and special marks |
|---|---|
| 1760 | Tomatoes  4x5  $6 75 |

Truck Broker, if any: (Name and Address)
**None**

Motor Carrier Arranged for by . . . . . **CONSIGNEE** ☐  **SHIPPER** ☐

*FREIGHT CHARGES TO BE PAID BY*

☐ **SHIPPER**          ☐ **RECEIVER**

# 13240

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of

$ _____

| *TEMP. RECORDER* | *RECORDER #* | *CHART #* |
|---|---|---|
| **None** | | |
| **TEMPERATURE RANGE TO BE MAINTAINED** | *LOW* 48 | *HIGH* 50 |
| **LOAD COMPLETED** | *DATE* 10/30/2007 | *TIME* |

(SHIPPER)

## Sammy's Produce, Inc.
## 1280 N. Melrose
## Vista, CA 92083
## (760) 631-4250

Enrique
Signature of Consignor

**SPECIAL INSTRUCTIONS**

**TELEPHONE RECEIVER EVERY MORNING:**

Phone: _____ _____
(area code)    (number)

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.

Signed _____ Date _____

**CONSIGNEE'S RECEIPT**

Date: _____    Signed: _____

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/31/2007 | 526 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16196 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 4x5 Tomatoes | 4x5 Tomatoes#13240 | 1,760 | 6.75 | 11,880.00 |

| | **Total** | $11,880.00 |
|---|---|---|

# SAMMY'S
## Produce, Inc.

P.O. Box 95 Vista, CA 92085
Business: 760-631-4250
Fax: 760-631-4255

# Invoice

| Date | Invoice # |
|---|---|
| 10/30/2007 | 3853 |
| **Terms** | **Due Date** |
| NET 21 | 11/20/2007 |

### Bill To

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

### Ship To

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|---|---|---|---|---|---|
| 532 | 16709 | 10/30/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 880 | 4x4 Tomatoes | 4x4 Tomatoes | 6.75 | 5,940.00 |

| | |
|---|---|
| **Total** | $5,940.00 |

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

**MOTOR CARRIER**
**STRAIGHT BILL OF LADING**
**FOR EXEMPT COMMODITIES**
**Original Non-negotiable**

16709

Date 10/30/2007

TRUCK

TRAILER

| LICENSE | |
|---|---|
| State | Number |
| | |
| | |

NAME AND ADDRESS OF CARRIER: USA9

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

TO (Name and Address of Consignee)

Rey&Rey Produce

P.O. #  En

FROM:  **Sammy's Produce, Inc.**
**1280 N. Melrose**
**Vista, CA 92083**
**(760) 631-4250**

DESTINATION
722 S. Alameda St    los Angeles, Ca 92001

STOP-OFF INSTRUCTIONS

None

Loaded at: (Specify location of cooler; packinghouse; field, etc.)

**Vista, CA**

| No. Packages | Description of articles and special marks |
|---|---|
| 880 | Tomatoes  4X4  # 13241 |

Truck Broker, if any: (Name and Address)
**None**

Motor Carrier Arranged for by ..... CONSIGNEE ☐  SHIPPER ☐

*FREIGHT CHARGES TO BE PAID BY*

SHIPPER ☐          RECEIVER ☐

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of    $ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| None | | |
| | LOW | HIGH |
| TEMPERATURE RANGE TO BE MAINTAINED | 48 | 50 |
| | DATE | TIME |
| LOAD COMPLETED | 10/30/2007 | |

Nico Rey
10/31/07

(SHIPPER)  **Sammy's Produce, Inc.**
**1280 N. Melrose**
**Vista, CA 92083**
**(760) 631-4250**

Enrique
Signature of Consignor

SPECIAL INSTRUCTIONS

TELEPHONE RECEIVER EVERY MORNING:

Phone: _____
(area code)    (number)

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.

Signed _____ Date _____

CONSIGNEE'S RECEIPT

Date: _____  Signed: _____

# Sales Order

| Date | S.O. No. |
|------|----------|
| 10/31/2007 | 532 |

| Name / Address |
|---|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16709 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 4x4 Tomatoes | 4x4 Tomatoes | 880 | 6.75 | 5,940.00 |

#13041

| | Total | $5,940.00 |
|---|-------|-----------|



# Invoice

| Date | Invoice # |
|---|---|
| 11/1/2007 | 3921 |

| Terms | Due Date |
|---|---|
| NET 21 | 11/22/2007 |

**Bill To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

**Ship To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|---|---|---|---|---|---|
| 562 | 16741 | 11/1/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 800 | Roma Tomatoes XL | Roma Tomatoes XL Large | 14.95 | 11,960.00 |

| | Total | $11,960.00 |
|---|---|---|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

# Sales Order

| Date | S.O. No. |
|------|----------|
| 11/1/2007 | 562 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16741 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| Roma Tomatoes XL | Roma Tomatoes XL Large  #13857 | 800 | 14.95 | 11,960.00 |

| | Total | $11,960.00 |
|--|-------|-----------|

**CORREA TRUCKING**
Moreno Valley CA

Lucy
951-902-5015

Fax
951-653-2913

Fernando
951-902-5014

TRUCK NO. 02    TRAILER 520 LOAD # 52550    DATE 11-1-07

RECEIVED FROM SAMMYS    DELIVERED TO REY & REY

ADDRESS Produce    ADDRESS Produce

CITY VISTA, CA    CITY Los Angeles, CA

1600 Roma tomato

800 "Extra Fresh"

"HALF LOAD = RED"

Joe Hanu

DRIVER Fernando

# EXPO FRESH

**EXPO FRESH, LLC.**
8775 Airway Rd
San Diego, CA 92154-6207
Ph: (619)661-6550  Fax: (619)661 6776

**STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES**
**ORIGINAL NON-NEGOTIABLE**

RECEIVED, from shipper named herein, the perishable property described below, in apparent good order and condition, except as noted below (contents and conditions of contents of packages unknown), marked, consigned, and destined as indicated below, pursuant to an agreement, arranged by truck broker, if any, whereby the carrier shown below (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under contract, if on its route, or otherwise deliver to another carrier on the route, said property to the consignee, subject to the terms and conditions of this contract printed or written on th face and back hereof, which are hereby agreed to by the carrier, the shipper, and the truck broker, if any.

| Order Number | Consignee | | Bill of Lading Number |
|---|---|---|---|
| 52550 | SAMMYS PRODUCE | | 52550 |
| Salesman | P.O.BOX 0095 | | Ship Date |
| BOB S. | VISTA CA 92085 | | 11/01/2007 |
| Buyer P.O. # | Destination | | Ship From |
| | | | SAN DIEGO |
| Phone | | | Terms |
| Via: | | | FOB |

| Via: | | Carrier | Truck Broker |
|---|---|---|---|
| Truck | Piggy | CORREA | |
| Ship | Rail | Driver | License | St. | Exp. Date |
| Air | | | | |
| | | Tractor License | State | Trailer License | State |
| | | | | 4HX8110 | CA |

Reporting Instructions

| Packages | Shipped | Description of Articles, Special Marks, and Exceptions | Weight |
|---|---|---|---|
| 1600 800 | 1600 | ROMA TOMATO     EXPOFRESH    XX | |
| | | 3 TO 4 COLOR | |

EXPO FRESH

Load

Direct

| | | Total Packages | Total Containers | Total Weight |
|---|---|---|---|---|
| 1600 | 1600 | | | |

| Inspection | Record No. | Chart No. | Temperature Instructions |
|---|---|---|---|
| | | | 50 F |

Loading Instructions

Delivery Instructions

Billing Instructions

| | Carrier arranged for by: | | Charges paid by: | |
|---|---|---|---|---|
| | Shipper | Receiver | Shipper | Receiver |

This shipment is to be delivered to consignee without recourse to shipper, carrier shall sign the following: Carrier shall not make delivery without payment of freight and all other lawful charges.

Shipper Signature

| Consignee's Receipt: I have received the above perishable property in good order, except as noted: | | | |
|---|---|---|---|
| Signed | Date | Time | AM PM |

Carrier's Receipt: I have received above described property in good condition, have verified the count, and am satisfied that said shipment is loaded and properly braced

Fernando Ca

Shipper's Signature: I hereby certify that I and my assignees are familiar with and accept all the terms and conditions of this bill of lading.

| | |
|---|---|
| Signed  11-01-07 | Date |
| | Time in   AM PM |
| | Time out 12;20PM AM PM |

SHIPPING ORDER-CARRIERS COPY

**MOTOR CARRIER**
**STRAIGHT BILL OF LADING**
FOR EXEMPT COMMODITIES
**Original Non-negotiable**

| | LICENSE | |
|---|---|---|
| | State | Number |
| TRUCK | | |
| TRAILER | | |

Shipper's Number: 16741
Date: 11/1/2007

NAME AND ADDRESS OF CARRIER: Corea Trucking

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

TO (Name and Address of Consignee):
Rey&Rey Produce

P.O. #: En

DESTINATION:
722 S. Alameda St     los Angeles, Ca 92001

FROM:
**Sammy's Produce, Inc.**
**1280 N. Melrose**
**Vista, CA 92083**
**(760) 631-4250**

STOP-OFF INSTRUCTIONS:
None

Loaded at: (Specify location of cooler; packinghouse; field, etc.)
**Vista, CA**

Truck Broker, if any: (Name and Address)
**None**

| No. Packages | Description of articles and special marks |
|---|---|
| ~~1600~~ 800 | Roma Tomatoes Large    $14 95 |

Motor Carrier Arranged for by ..... CONSIGNEE ☐   SHIPPER ☐

**FREIGHT CHARGES TO BE PAID BY**

SHIPPER          RECEIVER

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of    $ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| None | | |
| | LOW | HIGH |
| TEMPERATURE RANGE TO BE MAINTAINED | 48 | 50 |
| | DATE | TIME |
| LOAD COMPLETED | 11/1/2007 | |

(Correction)

(SHIPPER)
**Sammy's Produce, Inc.**
**1280 N. Melrose**
**Vista, CA 92083**
**(760) 631-4250**

Enrique
Signature of Consignor

SPECIAL INSTRUCTIONS

TELEPHONE RECEIVER EVERY MORNING:

Phone: _____
      (area code)    (number)

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.

Signed _____ Date _____

CONSIGNEE'S RECEIPT

Date: _____    Signed: _____



# Invoice

| Date | Invoice # |
|------|-----------|
| 11/3/2007 | 3967 |

| Terms | Due Date |
|-------|----------|
| NET 21 | 11/24/2007 |

**Bill To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

**Ship To**

Rey & Rey Produce, Inc.
Rey & Rey Produce, Inc.
PO Box 21304
Los Angeles, CA 90021-0304

| S.O. No. | P.O. Number | Ship Date | Ship Via | F.O.B. | Rep |
|----------|-------------|-----------|----------|--------|-----|
| 593 | 16782 | 11/3/2007 | | | EN |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1,760 | 5x5 Tomatoes | 5x5 Tomatoes | 8.00 | 14,080.00 |

| | **Total** | **$14,080.00** |
|--|-----------|-----------------|

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 (c) of the Perishable Agricultural Commodities Act 19930 (7 U.S.C. 499e(C). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products delivered from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Terms: Net 21 days. If payment is not made within the agreed upon time period, the customer shall be obligated for an interest charge of 1½% per month on the overdue unpaid balance plus all costs and attorney's fees incurred in collecting any overdue amounts.

# MOTOR CARRIER
## STRAIGHT BILL OF LADING
### FOR EXEMPT COMMODITIES
## Original Non-negotiable

16782

Date  11/3/2007

TRUCK

TRAILER

| LICENSE | |
|---|---|
| State | Number |
| | |
| | |

NAME AND ADDRESS OF CARRIER

RECEIVED, from the shipper named herein, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the perishable property described below, in good order and condition, except as noted below, marked, consigned and destined as indicated below, pursuant to an agreement (arranged by the truck broker, named herein, if any), whereby the motor

carrier shown below, in consideration of the transportation charges to be paid, agrees to carry and deliver said property to the consignee, subject only to the terms and conditions of this contract printed or written on the face and back hereof, which are hereby agreed to by the motor carrier, the shipper, and the truck broker, if any.

TO (Name and Address of Consignee)

Rey&Rey Produce

P.O. #

En

FROM:

## Sammy's Produce, Inc.
## 1280 N. Melrose
## Vista, CA 92083
## (760) 631-4250

DESTINATION

722 S. Alameda St      los Angeles, Ca 92001

Loaded at: (Specify location of cooler; packinghouse; field, etc.)

**Vista, CA**

STOP-OFF INSTRUCTIONS

None

Truck Broker, if any: (Name and Address)

None

| No. Packages | Description of articles and special marks |
|---|---|
| 1760 | Tomatoes  5x5  $8.00 |

Motor Carrier Arranged for by ..... CONSIGNEE ☐  SHIPPER ☐

### FREIGHT CHARGES TO BE PAID BY

SHIPPER

RECEIVER

The agreed or declared value of the property is hereby specifically stated by the shipper to be not in excess of

$ _____

| TEMP. RECORDER | RECORDER # | CHART # |
|---|---|---|
| None | | |
| | LOW | HIGH |
| TEMPERATURE RANGE TO BE MAINTAINED | 48 | 50 |
| | DATE | TIME |
| LOAD COMPLETED | 11/3/2007 | |

(SHIPPER)

## Sammy's Produce, Inc.
## 1280 N. Melrose
## Vista, CA 92083
## (760) 631-4250

Signature of Consignor

SPECIAL INSTRUCTIONS

**TELEPHONE RECEIVER EVERY MORNING:**

Phone:_____
(area code)        (number)

DRIVER RECEIVED ABOVE PERISHABLE PROPERTY IN GOOD ORDER AND VERIFIED COUNT, EXCEPT AS NOTED.

Signed _____ Date _____

CONSIGNEE'S RECEIPT

Date: _____    Signed: _____



**GS Trucking**
P.O. BOX 1118
OCEANSIDE CA. 92051
JR. GENARO SANDOVAL 760-908 6180 24HRS.
GENARO SANDOVAL 760-277 0982 24HRS.

B.L #

№ 4441

| DATE: | 11/3/07 | CONISIGNEE: | |
|---|---|---|---|
| SHIPPER: | | RAY RAY | |
| SAMMYS PROD | | | |

| PACKAGES | CONTAINER | DESCRIPTION OF COMMODITY | WEIGHT |
|---|---|---|---|
| | CS | TOMATOES 5X6 | |
| 1760 | | | |
| | | 20 PLTS. 88 x 20 | |
| | | Nico Rui 11/03/07 | |

_____ P A L L E T S  I N

_____ P A L L E T S  O U T                    T E M P.

I HAVE RECEIVED THE MERCHANDISE DESCRIBED ABOVE IN GOOD SHIPPING CONDITION
AND HAVE VERIFIED THE COUNT.

RECEIVED BY: _____

# Sales Order

| Date | S.O. No. |
|------|----------|
| 11/3/2007 | 593 |

| Name / Address |
|----------------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| Ship To |
|---------|
| Rey & Rey Produce, Inc.<br>Rey & Rey Produce, Inc.<br>PO Box 21304<br>Los Angeles, CA 90021-0304 |

| P.O. No. | Rep | Project |
|----------|-----|---------|
| 16782 | EN | |

| Item | Description | Ordered | Rate | Amount |
|------|-------------|---------|------|--------|
| 5x5 Tomatoes | 5x5 Tomatoes #13263 | 1,760 | 8.00 | 14,080.00 |

| | Total | $14,080.00 |
|--|-------|-----------|

Exhibit 2

**Rey & Rey Produce, Inc.**
722 S. ALAMEDA
Los Angeles, CA 90021
Tel: 213 244-1426

Banco Popular
501 W. Lincoln Ave.
Anaheim, CA 92805
714 563-3345

90-3986/1222

10/26/2007

$**20,400.00

PAY TO THE
ORDER OF   SAMMY'S PRODUCE, INC.

507126743  10-26-07  2529 07

DOLLARS

Twenty Thousand Four Hundred and 00/100************************************

SAMMY'S PRODUCE, INC.
P.O. 95
Vista, CA 92085

521414540  10-31-07  9285 02

AUTHORIZED SIGNATURE   MP

MEMO   50916

⑈017419⑈ ⑆122239869⑆ 050001015⑈   000204000

---

R5 v8

**Washington Mutual**

10-31-07

IMPORTANT
**ACCOUNT**
INFORMATION

Notice of Returned Deposited Check

We want to let you know that a check deposited in, or cashed against, your account was returned unpaid. The check amount, along with a Returned Deposited Item Fee, was withdrawn from your account on the date listed above. If you have any questions, please call us at 1-800-374-4646.

Account Number:
441-121214-7

Reason for return:  NON SUFFICIENT FUNDS

Amount:     20,400.00
Fee    :         7.00
Total  :    20,407.00

SAMMYS PRODUCE INC.
1635 ROSECRANS ST STE C
SAN DIEGO CA 92106-2278

00011
FL120007 000521414540



**Rey & Rey Produce, Inc.**
722 S. ALAMEDA
Los Angeles, CA 90021
Tel: 213 244-1426

**PRODUCE INC.**

Banco Popular
501 W. Lincoln Ave.
Anaheim, CA 92805
714 563-3345

90-3986/1222

17418

10/23/2007

PAY TO THE
ORDER OF    SAMMY'S PRODUCE, INC.                          $**10,400.00

Ten Thousand Four Hundred and 00/100********************************************************************    DOLLARS

SAMMY'S PRODUCE, INC.
P.O. 95
Vista, CA 92085

MEMO    0176

AUTHORIZED SIGNATURE                    MP

⑊017418⑊ ⑊122239869⑊ ⑊050001015⑊                    ⑊000⑊0⑊0000⑊

MP

---

R5 v6

**〰 Washington Mutual**                    10-31-07

Notice of Returned Deposited Check

**IMPORTANT
ACCOUNT
INFORMATION**

We want to let you know that a check deposited in, or
cashed against, your account was returned unpaid. The
check amount, along with a Returned Deposited Item Fee,
was withdrawn from your account on the date listed
above. If you have any questions, please call us at
1-800-374-4646.

Account Number:
441-121214-7

Reason for return:  NON SUFFICIENT FUNDS

Amount:    10,400.00
Fee    :         7.00
Total :    10,407.00

SAMMYS PRODUCE INC.
1635 ROSECRANS ST STE C
SAN DIEGO CA 92106-2278

00010
FL120007 000521414539

BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone:    (619) 723-0369
Facsimile:    (619) 923-1001
email: bryanpease@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAMMY'S PRODUCE, INC.,                )   Civil Action, No.: 08 CV 0930 L WMc
                                      )
                    Plaintiff,        )   DECLARATION OF BRYAN W. PEASE IN
                                      )   SUPPORT OF APPLICATION FOR
                                      )   TEMPORARY RESTRAINING ORDER
          v.                          )   WITHOUT NOTICE AND PRELIMINARY
                                      )   INJUNCTION
REY & REY PRODUCE, INC. and           )
MANUEL REYNOSO,                       )
                                      )
                    Defendants.       )
                                      )
                                      )
                                      )
                                      )
                                      )
_____ )

Bryan W. Pease, being duly sworn, deposes and says:

1.      I am the attorney for Plaintiff in the above entitled action.

2.      Because Defendants hold $95,064.00 in trust assets belonging to Plaintiff and
have failed to pay Plaintiff, a Temporary Restraining Order Without Notice is necessary to
ensure that Defendants do not dissipate trust assets before being served with the Order.

3.      A similar order to what Plaintiff requests here was recently issued against Plaintiff
without notice in another case, *Chiquita Fresh v. Sammy's Produce*, Case 08-CV-930.  The order
in that case is attached as Exhibit A to the Memorandum of Points and Authorities in Support of
Application for Temporary Restraining Order Without Notice.

1

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Bryan W. Pease

1    4.    Part of the reason Plaintiff had been unable to pay the *Chiquita Fresh* account was

2    due to moneys owed to it by Defendant in the present case.  Nonetheless, Plaintiff raised the

3    money to pay *Chiquita Fresh* and settle that case.

4    5.    In the present case, Plaintiff only seeks the moneys held in trust by Defendants for

5    Plaintiff, and Defendants as a matter of law can suffer no harm from being restrained from

6    dissipating trust assets belonging to Plaintiff.

7    6.    In seeking a Temporary Restraining Order Without Notice, Plaintiff only seeks

8    the same remedy that was granted to *Chiquita Fresh* in its case against Plaintiff, and the standard

9    remedy for PACA trust violations.

10

11   Executed on May 28, 2008                    By:    /s/ Bryan W. Pease_____

12                                                      Bryan W. Peaase
                                                        Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Bryan W. Pease