UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY'S PRODUCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> REY & REY PRODUCE, INC., and MANUEL REYNOSO, <br><br> Defendants. | Civil No. 08cv930 L(WMc) <br><br> **ORDER DENYING WITHOUT PREJUDICE *EX PARTE* MOTION FOR TRO WITHOUT NOTICE [doc. #6] and TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON PLAINTIFF'S COUNSEL** |

On May 28, 2008, plaintiff Sammy's Produce Inc. ("Sammy's") filed an unverified Complaint for violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2), along with a request for a temporary restraining order *without notice* against defendants Rey & Rey Produce, Inc. and Manuel Reynoso.

The Court denied without prejudice the TRO without notice. The Court discussed that a TRO may be granted without notice to the adverse party or that party's attorney only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED. R. CIV. P. 65(b). Rule 65(b) also requires the plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." *Id.* In denying the application for TRO without notice, the Court found plaintiff's application did not comply with

the fundamental procedural requirements of Rule 65(b). Plaintiff was advised that if it intended to again seek the issuance of a TRO without notice, it was required to comply fully with Federal Rule of Civil Procedure 65(b). (Order filed May 28, 2008 at 2.)

Plaintiff refiled its *ex parte* motion for a TRO on May 28, 2008. [doc. #6] This time plaintiff's counsel, Bryan W. Pease ("Pease"), filed his declaration in an apparent effort to meet the requirements of Rule 65(b) for a TRO without notice. Pease states, under penalty of perjury:

> A similar order to what Plaintiff requests here was recently issued against Plaintiff *without notice* in another case, *Chiquita Fresh v. Sammy's Produce* [("*Chiquita*")], Case 08-CV-930 [sic].[1]

(Pease Declar. at ¶ 3)(emphasis added).

The Court takes judicial notice that Pease represented Sammy's Produce in the *Chiquita* action and as a result, Pease was aware of Chiquita's filings in that case. The Court also notes that the TRO in the *Chiquita* case was filed on April 21, 2008 – less than six weeks ago. The official court file in the *Chiquita* case clearly reflects that Chiquita's application for a TRO was *with notice*. (*See Chiquita Fresh v. Sammy's Produce*, Case 08-CV-714 JLS(POR), docket no. 3, "APPLICATION FOR TEMPORARY RESTRAINING ORDER *WITH NOTICE*" (emphasis added)). Further, as evidenced by the Proof of Service, Sammy's Produce was personally served with Chiquita's application for a TRO with notice and supporting documents at the time the application was filed. (*See* docket no. 3-4). Pease therefore was well aware when making his declaration in the present case that the TRO in the *Chiquita* case was *with* notice rather than without notice. Pease directed the Court's attention to the Order granting the TRO in *Chiquita* that states in one sentence: "Therefore, a TRO should be issued without notice to the Defendants." (Order filed April 22, 2008, in the *Chiquita* action, docket no. 5). Given the lack of discussion in the Order concerning the necessary elements for a TRO without notice under Rule 65(b) and the clear and unambiguous request by plaintiff's counsel for a TRO *with* notice, Pease's reference to and attachment of the *Chiquita* Order appears to be an attempt to mislead

---

[1] The *Chiquita* case number is 08cv714 JLS(POR).

1 | this Court with what is likely to be a typographical error in the *Chiquita* Order.

2 |     Pease's declaration in support of the *ex parte* motion in the present case lacks credibility
3 | and appears to be in violation of counsel's duty of candor to the Court. As a result, counsel shall
4 | show cause why monetary sanctions should not be imposed against him. Further, because
5 | counsel's declaration is not trustworthy and forms a critical basis for a TRO without notice, the
6 | Court will again deny without prejudice the *ex parte* motion for TRO without notice .

7 |     Based on the foregoing, **IT IS ORDERED** plaintiff's *ex parte* motion for TRO without
8 | notice is **DENIED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that Bryan W.
9 | Pease shall appear before this Court in Courtroom 14, on Monday, June 9, 2008 at 10:30 a.m. to
10 | show cause why monetary sanctions should not be imposed upon him personally for statements
11 | made in his declaration in this case. Pease may file a statement of cause prior to the show cause
12 | hearing if he so desires.

13 | **IT IS SO ORDERED.**

14 | DATED: May 29, 2008

15 |
16 | M. James Lorenz
United States District Court Judge

17 |
18 | COPY TO:

19 | HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE
20 |

21 | ALL PARTIES/COUNSEL