1  BRYAN W. PEASE (SB# 239139)
   302 Washington St. #404
2  San Diego, CA 92103
   Telephone:    (619) 723-0369
3  Facsimile:    (619) 923-1001
   email: bryanpease@gmail.com
4
   Attorney for Plaintiff
5

6

7

8                    UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  SAMMY'S PRODUCE, INC.,              )  Civil Action, No.:  08 CV 0930 L WMc
                                        )
12                    Plaintiff,        )  RESPONSE TO ORDER TO SHOW CAUSE
                                        )
13          v.                          )
                                        )
14                                      )
    REY & REY PRODUCE, INC. and         )
15  MANUEL REYNOSO,                     )
                                        )
16                    Defendants.       )
                                        )
17  _____ )

18          The court has ordered plaintiff's counsel to show cause why sanctions should not be

19  imposed on him for allegedly misleading the court on whether the Temporary Restraining Order

20  in *Chiquita Fresh v. Sammy's Produce,* Case. No. 08-CV00714, was made without notice.  Due

21  to the way that the client notified counsel of that matter, counsel was unaware until now that the

22  TRO application was actually served prior to the Order being signed.  *See* Declarations of Darin

23  Pines and Bryan W. Pease.

24          As it turns out, the client was served at 2:35pm on April 22, 2008 with the TRO

25  application, with no other notice given or attempted, and the Order was signed less than one hour

26  later, at 3:30pm.  *See* Pease Dec. ¶4; *See also* Doc. 5, attached as Exhibit A.  Counsel believed

27  that the service packet he received from the client on May 1, 2008 was the first set of documents

28  the client received and included the signed Order.  It is unclear why the plaintiff in *Chiquita*

1

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Bryan W. Pease

served all of the documents again with the Order underneath instead of just the Order.  The certificate of service eventually filed confirms that all of these documents were served on April 28.  *See* Doc. 12, attached as Exhibit B.

The court has noted that Doc. 3-4 in *Chiquita* indicates that service took place on April 21, 2008, when the application was filed.  However, that proof only states that service was caused to be made by hiring a professional process server.  Service was not actually effected until April 22, less than an hour before the Order was signed.  There is also no declaration indicating that plaintiff in that case attempted to notify the defendant by any other means, such as a phone call or fax, that a TRO application was being made.  The application was effectively made without notice, and counsel was certainly unaware that there had been even minimal notice.

Given that counsel has not mislead this court, counsel respectfully requests that the show cause hearing be taken off calendar and that the TRO application previously filed be considered on its own merits, and notice be ordered if the court believes notice is appropriate.

Dated: May 29, 2008                          By: /s/ Bryan W. Pease_____
                                                  Bryan W. Pease
                                                  Attorney for Plaintiff
                                                  SAMMY'S PRODUCE, INC
.

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Bryan W. Pease

Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| CHIQUITA FRESH, N.A., L.L.C. | : | | |
| | : | | |
| Plaintiff | : | | |
| | : | | |
| v. | : | Civil Action No: 08-CV714 JLS (POR) |
| | : | | |
| SAMMY'S PRODUCE, INC., et al | | **ORDER:  GRANTING  PLAINTIFF'S MOTION  FOR  A  TEMPORARY RESTRAINING ORDER** |
| | : | | |
| Defendants | : | | |

This matter is before the Court upon Plaintiff's Motion for A Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.[1]  [Doc. No. 3.] For the following reasons, the Court **GRANTS** Plaintiff's motion for a TRO.

BACKGROUND

Chiquita  Fresh,  N.A.,  L.L.C. ("Plaintiff")  is  a  dealer  in  perishable  agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities  Act ("PACA"),  7  U.S.C. §499a et seq.  Sammy's Produce, Inc. ("Sammy's Produce"),  purchases  wholesale  quantities  of  produce.   According  to  Plaintiff,  between February 14, 2008 and March 12, 2008, Plaintiff sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce in the amount of $73,545.90.  Plaintiff contends it

---

[1] Plaintiff has also filed a motion for a preliminary injunction.  [Doc. No. 4.]

has not been paid any monies by Defendants for the $73,545.90 worth of commodities that it sold. Plaintiff asserts that Defendants have repeatedly advised that they are unable to pay the $73,545.90 owed because they have severe cash flow problems. Plaintiff argues that Defendants are failing to comply with their statutory duties under PACA to hold the undisputed amount of $73,545.90 in trust for the benefit of Plaintiff and to pay said sum to Plaintiff. Accordingly, Plaintiff is requesting that this Court issue an immediate injunction requiring non-dissipation of the trust assets.

## LEGAL STANDARD

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss, or damage will result if the Court does not grant their motion for a TRO. TROs are governed by the same standard applicable to preliminary injunctions. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

The Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum

Ranchers Cattlemen Action Legal Fund v. U.S. Dep't. of Agric., 415 F.3d 1078, 1092-93 (9th Cir. 2005) (internal quotations and citations omitted); see also Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005).[2]

---

[2] Plaintiff argues that it has satisfied the traditional test.

**GOVERNING LAW**

PACA was enacted in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 49 Fed. Reg at 45737.

In 1984, PACA was amended to assure that suppliers of produce are paid by imposing a statutory trust on all produce-related assets, such as the produce itself or other products derived therefrom, as well as any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers. 7 U.S.C. §499e(c)(2). Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). The trust must be maintained for the benefit of the unpaid suppliers, sellers, or agents who provided the commodities until full payment has been made. Id. The trust provision thus offers sellers of produce, "a self-help tool that will enable them to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR §46.46(e)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment (7 CFR §46.46(b)(2)), is forbidden. 7 CFR §46.46(e)(i).

**ANALYSIS**

**I.      Plaintiff Satisfies the Traditional Test for a TRO**

      **A.      Plaintiff Has a Strong Likelihood of Success on the Merits**

      Plaintiff appears entitled to enforce the PACA trust provisions and regulations to secure its trust claim for $73,545. First, Plaintiff is a supplier or seller of wholesale quantities of produce.  Second, Plaintiff sold to Defendants, in interstate commerce, wholesale quantities of produce in the aggregate amount of $73,545.90, which is allegedly past due and unpaid.  Third, Plaintiff seems to have properly preserved its status as a trust creditor of Defendants under PACA by sending detailed invoices for the produce to the Defendant corporation.  Fourth, Defendants have apparently advised Plaintiff that they are unable to pay.

      **B.      Plaintiff Faces the Possibility of Irreparable Injury if the TRO is not Granted**

      In the absence of preliminary relief, there could be no assets in the statutory trust. Loss of such assets would be irreparable because Plaintiff would not be able to recover the trust assets once they are dissipated, and Plaintiff would be forever excluded as a beneficiary of the statutory trust.  See H.R. Rep. No. 543, 98th Cong. 2d Sess 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; Tanimura & Antle, Inc., 222 F.3d at 140; J. R. Brooks & Son, Inc. v. Norman's Country Mart, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc., 751 F.Supp. 64 (W.D. Pa. 1990).

**C.      Issuing a TRO Will Not Cause Defendants Substantial Harm and Will Be in the Public Interest**

By enjoining defendants from dissipating trust assets, Defendants would only be required to fulfill the duties imposed by statute. <u>Tanimura & Antle, Inc.</u>, 222 F.3d at 140. Further, PACA specifically declares that the congressional intent behind its passage is to protect the public interest and to remedy the burden on dealers, such as Plaintiff, by receivers who do not pay for produce.  <u>Id.</u>; 7 U.S.C. §499e(c)(1).[3]

**CONCLUSION**

Based on the foregoing reasons and consideration of Plaintiff's motion, the Court finds that Plaintiff risks immediate irreparable injury in the form of the loss of trust assets. Therefore, a TRO should be issued without notice to the Defendants.

The Court hereby **ORDERS**:

(1)      Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Sammy's Produce or its subsidiaries or related companies except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the sum of $73,545.90 by cashiers check or certified check at which time the Order is dissolved.

(2)      In the event Defendants fail to pay Plaintiff the sum referenced in the previous paragraph by cashiers or certified check within five (5) business days of service of this Order, then the Defendants shall file with this Court, and provide a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and each account receivable of Sammy's Produce signed under penalty of perjury.  Defendants shall also supply to Plaintiff's attorney, within ten (10) days

---

[3]   In addition, the Court recognizes various decisions that support granting a TRO under similar circumstances.  <u>Tanimura & Antle</u>, 222 F.3d at 140; <u>Frio Ice, S.A.</u>, 918 F.2d at 159; <u>Dole Fresh Fruit Co. v. United Banana Co.</u>, 821 F.2d 106 (2d Cir. 1987); <u>In re Richmond Produce Co., Inc.</u>, 112 B.R. 364, 367 (Bkrtcy. N.D. Cal. 1990); <u>Eagle Fruit Traders, LLC v. Fla. Fresh Int'l, Inc.</u>, 2007 U.S. Dist. LEXIS 96798 (S.D. Fla. 2007); <u>W. Onion Sales, Inc. v. KIDCO Farms Processing, Inc.</u>, 2006 U.S. Dist. LEXIS 93216 (D.N.D. 2006).

of the date of the Order, any and all documents in connection with the assets and liabilities of Sammy's Produce and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

(3)    Bond shall be waived in view of the fact that Defendants now hold the aggregate amount of $73,545.90 of Plaintiff's assets.

(4)    This Temporary Restraining Order is entered this 22nd day of April, 2008 at 3:30 p.m.  A hearing on Plaintiff's Motion for Preliminary Injunction is set for **May 9, 2008** at 10:30 a.m. in Courtroom 6 of the Edward J. Schwartz United States District Courthouse, 940 Front St., San Diego, CA 92101.

(5)    The Plaintiff shall forthwith serve Defendants and their counsel with a copy of this Order.

(6)    Defendants' opposition to Plaintiff's motion for a preliminary injunction, if any, shall be filed no later than **April 30, 2008** with a courtesy copy to be delivered to chambers on that date.  Plaintiff's reply, if any, shall be filed no later than **May 5, 2008**.

IT IS SO ORDERED.


Dated: April 22, 2008

*Janis L. Sammartino*
Honorable Janis. L. Sammartino
United States District Court

Exhibit B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | FOR COURT USE ONLY |
|---|---|---|
| KIRBY & MCGUINN, APC<br>DEAN T. KIRBY, JR., ESQ., 090114<br>600 "B" STREET, 1950<br>SAN DIEGO, CA  92101 | (619) 685-4000 | |
| ATTORNEY FOR (Name): | Ref. No. or File No.<br>TINA/CHIQUITA | |
| Insert name of court, judicial district or branch court, if any:<br>UNITED STATES DISTRICT COURT<br>880 FRONT STREET - SUITE 4290<br>SAN DIEGO, CA  92101 | | |

| PLAINTIFF:<br>CHIQUITA | | | | |
|---|---|---|---|---|
| DEFENDANT:<br>SAMMY'S | | | | |
| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>08 CV-714 JLS (POR) |

## UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION.  I SERVED THE:

APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

ON: SAMMY'S PRODUCE, INC.

AT 1635 ROSECRANS STREET, SUITE D
   EL CAJON, CA 92020

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH:
SYLVIA SNYDER, - OFFICE MANAGER

ON: 04/29/2008
AT: 10:15 am

**Manner of service**  in compliance with Federal Code of Civil Procedure.

Fee for Service:  $ 42.50
    Registered California process server.
    County:  **SAN DIEGO**
    Registration No.:  968
    **Diversified Legal Services, Inc.**
    **4665 Park Blvd**
    **San Diego, CA 92116**
    **6192608224**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on April 30, 2008 at SAN DIEGO, California.

Signature: _____
    STEPHEN GEBERT 163836

**PROOF OF SERVICE**

Order#: 163836/GProof/39

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | | FOR COURT USE ONLY |
|---|---|---|---|
| DEAN T. KIRBY, JR., ESQ.<br>KIRBY & McGUINN, APC<br>600 "B" STREET 1950 SAN DIEGO, CA 92101 | | SBN: 090114 | |
| TELEPHONE NO.: **(619) 685-4000** | FAX NO.: **(619) 685-4004** | | |
| E-MAIL ADDRESS *(Optional)*: | | | |
| ATTORNEY FOR *(Name)*: | | | |

**UNITED STATES DISTRICT COURT**

STREET ADDRESS: **880 FRONT STREET - SUITE 4290**

MAILING ADDRESS:

CITY AND ZIP CODE: **SAN DIEGO, CA 92101**

BRANCH NAME: **SOUTHERN DISTRICT**

PLAINTIFF/PETITIONER: **CHIQUITA**

DEFENDANT/RESPONDENT: **SAMMY'S**

| PROOF OF SERVICE BY MAIL | CASE NUMBER:<br>08 CV-714 JLS (POR) |
|---|---|

I am a citizen of the United States and employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 4665 PARK BLVD, SAN DIEGO, CA 92116.

On April 29, 2008, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

> **APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, CA 92116, California, addressed as follows:

> **SAMMY'S PRODUCE, INC.**
> **1635 ROSECRANS STREET SUITE D**
> **EL CAJON, CA 92020**

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at SAN DIEGO, CA 92116, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: *42.50*

▲
▲▼▲

County: **San Diego**
Registration No.: **968**
**DIVERSIFIED LEGAL SERVICES, INC**
**4665 PARK BLVD**
**SAN DIEGO, CA 92116**
**(619) 260-8224**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **April 30, 2008**.

Signature: _____

**KEVIN GILBERT**

---

**PROOF OF SERVICE BY MAIL**

Order#: 163836/GProof5

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| KIRBY & MCGUINN, APC<br>DEAN T. KIRBY, JR., ESQ., 090114<br>600 "B" STREET, 1950<br>SAN DIEGO, CA 92101 | | (619) 685-4000 | |
| ATTORNEY FOR (Name): | Ref. No. or File No.<br>TINA/CHIQUITA | | |

Insert name of court, judicial district or branch court, if any:

UNITED STATES DISTRICT COURT
880 FRONT STREET - SUITE 4290
SAN DIEGO, CA 92101

PLAINTIFF:

CHIQUITA

DEFENDANT:

SAMMY'S

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>08 CV-714 JLS(POR) |
|---|---|---|---|---|

# UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION. I SERVED THE:

APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

ON: SAMUEL V. NUCCI

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH THE ABOVE NAMED PERSON A COPY THEREOF, AT:

1635 ROSECRANS STREET, SUITE D
SAN DIEGO, CA 92106

ON: April 29, 2008
AT: 10:15 am

COPIES WERE LEFT AT THE DEFENDANT'S DWELLING HOUSE OR USUAL PLACE OF ABODE WITH A PERSON OF SUITABLE AGE AND DISCRETION. I THEREAFTER MAILED THE COPIES, ADDRESSED AS SHOWN ABOVE, BY FIRST CLASS MAIL, POSTAGE PREPAID, ON April 29, 2008 FROM SAN DIEGO, CA 92116.

NAME OF PERSON WITH WHOM THE DOCUMENTS WERE LEFT:
SYLVIA SNYDER ~ PERSON IN CHARGE - OFFICE MANAGER

**Manner of service** in compliance with Federal Rules of Civil Procedure.

Fee for Service: **$42.50**

Registered California process server.
County: **SAN DIEGO**
Registration No.: **968**
**Diversified Legal Services, Inc.**
**4665 Park Blvd**
**San Diego, CA 92116**
**6192608224**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **April 30, 2008** at **SAN DIEGO, California.**

Signature: _____

STEPHEN GEBERT 163942

**PROOF OF SERVICE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| DEAN T. KIRBY, JR., ESQ.  SBN: 090114  KIRBY & MCGUINN, APC  600 "B" STREET  1950 SAN DIEGO, CA 92101 | | |

TELEPHONE NO.: **(619) 685-4000**  FAX NO.: **(619) 685-4004**

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**UNITED STATES DISTRICT COURT**

STREET ADDRESS: **880 FRONT STREET - SUITE 4290**

MAILING ADDRESS:

CITY AND ZIP CODE: **SAN DIEGO, CA 92101**

BRANCH NAME: **SOUTHERN DISTRICT**

PLAINTIFF/PETITIONER: **CHIQUITA**

DEFENDANT/RESPONDENT: **SAMMY'S**

| **PROOF OF SERVICE BY MAIL** | CASE NUMBER:  **08 CV-714 JLS(POR)** |
|---|---|

I am a citizen of the United States and employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4665 PARK BLVD, SAN DIEGO, CA 92116.

On April 29, 2008, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

> APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, CA 92116, California, addressed as follows:

> SAMUEL V. NUCCI
> 1635 ROSECRANS STREET SUITE D
> SAN DIEGO, CA 92106

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage  thereon fully prepaid at SAN DIEGO, CA 92116, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: **42.50**

▲
▲▼▲

County:  **San Diego**
Registration No.:  **968**
**DIVERSIFIED LEGAL SERVICES, INC**
**4665 PARK BLVD**
**SAN DIEGO, CA 92116**
**(619) 260-8224**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on April 30, 2008.

Signature: _____

**KEVIN GILBERT**

**PROOF OF SERVICE BY MAIL**

Order#: 163942/GProof5

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| KIRBY & MCGUINN, APC<br>DEAN T. KIRBY, JR., ESQ., 090114<br>600 "B" STREET, 1950<br>SAN DIEGO, CA 92101 | | (619) 685-4000 | |
| ATTORNEY FOR (Name): | Ref. No. or File No.<br>TINA/CHIQUITA | | |

Insert name of court, judicial district or branch court, if any:

UNITED STATES DISTRICT COURT
880 FRONT STREET - SUITE 4290
SAN DIEGO, CA 92101

PLAINTIFF:
CHIQUITA

DEFENDANT:
SAMMY'S

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>08 CV-714 JLS (POR) |
|---|---|---|---|---|

## UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION. I SERVED THE:

APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

ON: YAN SKWARA

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH THE ABOVE NAMED PERSON A COPY THEREOF, AT:

1635 ROSECRANS STREET, SUITE D
SAN DIEGO, CA 92106

ON: April 29, 2008
AT: 10:15 am

COPIES WERE LEFT AT THE DEFENDANT'S DWELLING HOUSE OR USUAL PLACE OF ABODE WITH A PERSON OF SUITABLE AGE AND DISCRETION. I THEREAFTER MAILED THE COPIES, ADDRESSED AS SHOWN ABOVE, BY FIRST CLASS MAIL, POSTAGE PREPAID, ON April 29, 2008 FROM SAN DIEGO, CA 92116.

NAME OF PERSON WITH WHOM THE DOCUMENTS WERE LEFT:
SYLVIA SNYDER ~ PERSON IN CHARGE - OFFICE MANAGER

**Manner of service** in compliance with Federal Rules of Civil Procedure.

Fee for Service: **$42.50**

    Registered California process server.
    County: **SAN DIEGO**
    Registration No.: **968**
    **Diversified Legal Services, Inc.**
    **4665 Park Blvd**
    **San Diego, CA 92116**
    **6192608224**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **April 30, 2008** at **SAN DIEGO**, California.

Signature: _____

        **STEPHEN GEBERT 163932**

## PROOF OF SERVICE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| DEAN T. KIRBY, JR., ESQ.      SBN: 090114 <br> KIRBY & McGUINN, APC <br> 600 "B" STREET  1950 SAN DIEGO, CA 92101 | | |
| TELEPHONE NO.: **(619) 685-4000**     FAX NO.: **(619) 685-4004** | | |
| E-MAIL ADDRESS *(Optional)*: | | |
| ATTORNEY FOR *(Name)*: | | |

**UNITED STATES DISTRICT COURT**

  STREET ADDRESS: **880 FRONT STREET - SUITE 4290**

  MAILING ADDRESS:

  CITY AND ZIP CODE: **SAN DIEGO, CA 92101**

  BRANCH NAME: **SOUTHERN DISTRICT**

PLAINTIFF/PETITIONER: **CHIQUITA**

DEFENDANT/RESPONDENT: **SAMMY'S**

| **PROOF OF SERVICE BY MAIL** | CASE NUMBER: <br> **08 CV-714 JLS(POR)** |
|---|---|

I am a citizen of the United States and employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4665 PARK BLVD, SAN DIEGO, CA 92116.

On April 29, 2008, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

      **APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, CA 92116, California, addressed as follows:

      **YAN SKWARA <br> 1635 ROSECRANS STREET SUITE D <br> SAN DIEGO, CA 92106**

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage  thereon fully prepaid at SAN DIEGO, CA 92116, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: **42.50**

    County: **San Diego**
    Registration No.: **968**
**DIVERSIFIED LEGAL SERVICES, INC**
**4665 PARK BLVD**
**SAN DIEGO, CA 92116**
**(619) 260-8224**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **April 30, 2008**.

Signature: _____
            **KEVIN GILBERT**

---

**PROOF OF SERVICE BY MAIL**

Order#: 163932/GProof5

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

KIRBY & MCGUINN, APC
DEAN T. KIRBY, JR., ESQ., 090114
600 "B" STREET, 1950
SAN DIEGO, CA 92101

TELEPHONE NO.: (619) 685-4000

ATTORNEY FOR (Name):

Ref. No. or File No.
TINA/CHIQUITA

FOR COURT USE ONLY

Insert name of court, judicial district or branch court, if any:

UNITED STATES DISTRICT COURT
880 FRONT STREET - SUITE 4290
SAN DIEGO, CA 92101

PLAINTIFF:

CHIQUITA

DEFENDANT:

SAMMY'S

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV. | CASE NUMBER:<br>08 CV-714 JLS(POR) |
|---|---|---|---|---|

# UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION. I SERVED THE:

APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

ON: DARIN PINES

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH THE ABOVE NAMED PERSON A COPY THEREOF, AT:

1635 ROSECRANS STREET, SUITE D
SAN DIEGO, CA 92106

ON: April 29, 2008
AT: 10:15 am

COPIES WERE LEFT AT THE DEFENDANT'S DWELLING HOUSE OR USUAL PLACE OF ABODE WITH A PERSON OF SUITABLE AGE AND DISCRETION. I THEREAFTER MAILED THE COPIES, ADDRESSED AS SHOWN ABOVE, BY FIRST CLASS MAIL, POSTAGE PREPAID, ON April 29, 2008 FROM SAN DIEGO, CA 92116.

NAME OF PERSON WITH WHOM THE DOCUMENTS WERE LEFT:
SYLVIA SNYDER ~ PERSON IN CHARGE - OFFICE MANAGER

**Manner of service** in compliance with Federal Rules of Civil Procedure.

Fee for Service: $42.50

Registered California process server.
County: SAN DIEGO
Registration No.: 968
Diversified Legal Services, Inc.
4665 Park Blvd
San Diego, CA 92116
6192608224

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on April 30, 2008 at SAN DIEGO, California.

Signature: _____
STEPHEN GEBERT 163953

# PROOF OF SERVICE

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| DEAN T. KIRBY, JR., ESQ.   SBN: 090114<br>KIRBY & MCGUINN, APC<br>600 "B" STREET  1950 SAN DIEGO, CA 92101 | | |
| TELEPHONE NO.: **(619) 685-4000**   FAX NO.: **(619) 685-4004** | | |
| E-MAIL ADDRESS *(Optional)*: | | |
| ATTORNEY FOR *(Name)*: | | |

**UNITED STATES DISTRICT COURT**

STREET ADDRESS: **880 FRONT STREET - SUITE 4290**

MAILING ADDRESS:

CITY AND ZIP CODE: **SAN DIEGO, CA 92101**

BRANCH NAME: **SOUTHERN DISTRICT**

PLAINTIFF/PETITIONER: **CHIQUITA**

DEFENDANT/RESPONDENT: **SAMMY'S**

| **PROOF OF SERVICE BY MAIL** | CASE NUMBER:<br>**08 CV-714 JLS(POR)** |
|---|---|

I am a citizen of the United States and employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4665 PARK BLVD, SAN DIEGO, CA 92116.

On April 29, 2008, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

> APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; DECLARATION IN SUPPORT OF APPLICATIONS FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION; [PROPOSED] TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; NOTICE OF HEARING; ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, CA 92116, California, addressed as follows:

> **DARIN PINES**
> **1635 ROSECRANS STREET SUITE D**
> **SAN DIEGO, CA 92106**

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage  thereon fully prepaid at SAN DIEGO, CA 92116, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: **42.50**

County: **San Diego**
Registration No.: **968**
**DIVERSIFIED LEGAL SERVICES, INC**
**4665 PARK BLVD**
**SAN DIEGO, CA 92116**
**(619) 260-8224**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **April 30, 2008**.

Signature: _____

**KEVIN GILBERT**

**PROOF OF SERVICE BY MAIL**

Order#: 163953/GProof5

BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone:    (619) 723-0369
Facsimile:     (619) 923-1001
email: bryanpease@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMMY'S PRODUCE, INC., | ) | Civil Action, No.:  08 CV 0930 L WMc |
| Plaintiff, | ) ) ) | DECLARATION OF DARIN PINES |
| v. | ) ) | |
| REY & REY PRODUCE, INC. and MANUEL REYNOSO, | ) ) ) | |
| Defendants. | ) ) ) | |

Darin Pines, being duly sworn, deposes and says:

1.      I am the Chief Operating Officer of U.S. Farms, Inc.  Sammy's Produce, Inc. is a wholly owned subsidiary of U.S. Farms, Inc.

2.      On information or belief, on or about April 22, 2008, Sylvia Snyder, the receptionist of U.S. Farms, received service of the summons, complaint and application for a temporary restraining order in *Chiquita Fresh v. Sammy's Produce,* Case. No. 08-CV00714 at the main U.S. Farms office, 1635 Rosecrans St., San Diego, CA 92106.

3.      Yan Skwara, the Chief Executive Officer of U.S. Farms, was out of town that week, so Ms. Snyder mailed me the documents at my office in Fallbrook, CA.  The summons on top stated that we had 20 days to respond.  I called our attorney, Bryan Pease, after receiving the documents later in the week.  I did not look through all of the documents to see there was an

1

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Darin Pines

1 | application for a temporary restraining order and told Mr. Pease that we would mail him the
2 | lawsuit, which was too large to fax.

3 |     4.    On information or belief, on April 28, 2008, Ms. Snyder received personal
4 | delivery of another service packet containing all of the same documents plus the Order at the
5 | U.S. Farms office and placed those items on Mr. Skwara's desk, who returned the next day.
6 | When Mr. Skwara told me on the phone what the documents were, I told him that they were the
7 | same documents I had received. Mr. Skwara then overnighted the documents that were in his
8 | possession to Mr. Pease. I did not realize at the time that there was even an application for a
9 | Temporary Restraining Order, let alone a signed Order, and I did not know that Mr. Skwara's
10 | documents contained an Order and mine did not.

11 |     5.    I still have the documents served on April 22, 2008 in my possession and never
12 | sent these to Mr. Pease.

14 |     I declare under penalty of perjury that the foregoing is true and correct to my knowledge,
15 | except those matters that are alleged on information or belief, and as to those matters, I believe
16 | them to be true.

18 | Executed on May 29, 2008                    By: _____
19 |                                                     Darin Pines

2

Sammy's Produce, Inc. v.
Rcy & Rey Produce, Inc., et al.
Declaration of Darin Pines

BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone:    (619) 723-0369
Facsimile:    (619) 923-1001
email: bryanpease@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMMY'S PRODUCE, INC., | ) | Civil Action, No.:  08 CV 0930 L WMc |
| Plaintiff, | ) ) ) | DECLARATION OF BRYAN W. PEASE |
| v. | ) ) | |
| REY & REY PRODUCE, INC. and MANUEL REYNOSO, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Bryan W. Pease, being duly sworn, deposes and says:

1.    I am the attorney for the plaintiff SAMMY'S PRODUCE, INC. in the above entitled action and was also the attorney for SAMMY'S PRODUCE, INC. in *Chiquita Fresh v. Sammy's Produce,* Case. No. 08-CV00714.

2.    On May 1, 2008, I received an overnight FedEx delivery from Yan Skwara, CEO of U.S. Farms, Inc. and its wholly owned subsidiary, SAMMY'S PRODUCE, INC.  A true and correct copy of the shipment label is attached hereto as Exhibit A.  The delivery contained the summons, complaint, application for temporary restraining order with supporting documents, and signed Order.  I believed these to be the documents that Darin Pines had received the previous week and discussed with me on the phone.  It was not until today that I learned these were a separate set of documents Mr. Skwara received after the Order was signed, and Mr. Pines

1

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Darin Pines

had received those documents minus the Order a day or two after it was signed, but had been constructively served with them less than an hour before it was signed.

3.     I immediately advised Mr. Skwara and Mr. Pines on May 1 that the documents were not just a lawsuit that required an answer within 20 days, but also a signed Temporary Restraining Order.  Because I believed the signed Order had been served the previous week with the other documents just after it was signed, I believed the five days to comply was already up and called both the court clerk and plaintiff's counsel to advise them of the situation.  We arranged a settlement shortly thereafter.

4.     On May 29, 2008, I spoke to Kevin at Diversified Legal Services, Inc., the process service company that served the documents on behalf of Chiquita.  Kevin faxed me a list of the documents that were served on April 22, 2008 and stated that service took place at 2:35pm.  The list is attached hereto as Exhibit B.

5.     I have never intentionally misled this or any court on any matter.

I declare under penalty of perjury that the foregoing is true and correct to my knowledge, except those matters that are alleged on information or belief, and as to those matters, I believe them to be true.

Executed on May 29, 2008                    By:     /s/ Bryan W. Pease_____
                                                            Bryan W. Pease

Sammy's Produce, Inc. v.
Rey & Rey Produce, Inc., et al.
Declaration of Darin Pines

Exhibit A

From:   Origin ID: SDMA  (619)664-4529
Yan Skwara
US Farms, Inc.
1635 Rosecrans St
Suite C
San Diego, CA 92106



Ship Date: 30APR08
ActWgt: 1 LB
System#: 7209519/INET8010
Account#: S *********

CLS128787/21/24

SHIP TO: 6197230369        BILL SENDER
**Bryan Pease**
**Attorney at Law**
**302 Washington St # 404**

**San Diego, CA 921032110**

Delivery Address Bar Code



Ref #
Invoice #
PO #
Dept #

TRK#
0201    7900 0427 9506

THU - 01MAY        A1
**PRIORITY OVERNIGHT**

**95 SDMA**

92103
CA-US
SAN



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Exhibit B

*Chiquita Fresh, N.A. v. Sammy's Produce, Inc. et al.*
*Case No. 08-CV714 JLS(POR)*
*United States District Court, Southern District*

1.  Summons

2.  Civil Cover Sheet

3.  Complaint (to Enforce Payment from Produce Trust)

4.  Certification of Interested Parties

5.  Application for Temporary Restraining Order with Notice

6.  Memorandum of Points and Authorities in Support of Plaintiff's Applications for Temporary Restraining Order with Notice and Preliminary Injunction

7.  Declaration in Support of Applications for Temporary Restraining Order with Notice and Preliminary Injunction

8.  [Proposed] Temporary Restraining Order

9.  Application for Preliminary Injunction

10. Proof of Service (2) for Temporary Retraining Order pleadings and Application for Preliminary Injunction