1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   SAMMY'S PRODUCE, INC.,              )    Civil No. 08cv930 L(WMc)
                                         )
12              Plaintiff,               )    **ORDER GRANTING *EX PARTE***
                                         )    **MOTION FOR TRO WITH NOTICE**
13   v.                                  )    **[doc. #9] and TO SHOW CAUSE**
                                         )    **WHY A PRELIMINARY**
14   REY & REY PRODUCE, INC., and        )    **INJUNCTION SHOULD NOT BE**
     MANUEL REYNOSO,                     )    **ISSUED**
15                                       )
                Defendants.              )
16   _____)

17          On May 28, 2008, plaintiff Sammy's Produce Inc. ("Sammy's") filed an unverified

18   Complaint for violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §

19   499e(c)(2).  Plaintiff initially filed two *ex parte* motions for a temporary restraining order

20   ("TRO") without notice.  The Court denied both motions because of procedural deficiencies

21   related to the notice provisions of Federal Rule of Civil Procedure 65(b).  On June 3, 2008,

22   plaintiff filed an *ex parte* motion for a temporary restraining order with notice against defendants

23   Rey & Rey Produce, Inc. and Manuel Reynoso.  Defendants were served personally on June 2,

24   2008 with the summons, complaint and *ex parte* application for a TRO with supporting

25   documents, but they have not filed an opposition to the TRO.

26   ///

27   ///

28   ///

1   **1.    Events Giving Rise to this Action**[1]

2        Sammy's is a wholeseller of perishable agricultural commodities and is the beneficiary of

3   a statutory trust provided for by the PACA, 7 U.S.C. § 499e(c)(2).  Plaintiff sold and shipped

4   perishable agricultural commodities to defendants, who are buyers and sellers of perishable

5   agricultural commodities, in accordance with defendants' instructions and at agreed-upon selling

6   prices.   All produce that is the subject of this litigation was received and accepted by defendants

7   without objection.

8        The unpaid invoices that are the subject of this lawsuit are for sales transactions that

9   occurred between October 12, 2007 and November 3, 2007.  The total amount due under the

10  unpaid invoices is $95,064.00.

11  **2.    Perishable Agricultural Commodities Act ("PACA")**

12       "Congress enacted PACA in 1930 to promote fair trading practices in the produce

13  industry."  *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir.

14  2000); *accord Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 155 (11th Cir. 1990).  In the early

15  1980s, Congress found that prevalent financing practices threatened the financial stability of

16  produce growers.  *Tanimura*, 222 F.3d at 135; *Frio Ice*, 918 F.2d at 156.  "Congress was

17  particularly troubled by the practice by which produce dealers granted their lenders security

18  interests in the produce on which they had accepted delivery even though the dealers had not yet

19  paid for these commodities."  *Frio Ice*, 918 F.2d at 156; *accord Tanimura*, 222 F.3d at 135.

20  Concerned about this burden on commerce, Congress amended PACA in 1984 to provide for a

21  statutory trust under which a produce dealer holds its produce-related assets as a fiduciary until

22  full payment is made to the produce seller.  7 U.S.C. § 499e(c); *Tanimura*, 222 F.3d at 135-36;

23  *Frio Ice*, 918 F.2d at 156.  The trust automatically arises in favor of a produce seller when the

24  produce is delivered.  7 U.S.C. § 499(e)(c)(2); *Tanimura*, 222 F.3d at 136; *Frio Ice*, 918 F.2d at

25  156.  An unpaid seller loses the benefits of the trust unless it gives written notice of its intent to

26  preserve its rights with the United States Department of Agriculture and the produce dealer

27

28       [1]    The facts are taken from the Complaint and the declaration of Yan Skwara,
    President and CEO of Sammy's Produce, Inc.

within 30 days after payment is due. 7 U.S.C. § 499e(c)(3); *Tanimura*, 222 F.3d at 136; *Frio Ice*, 918 F.2d at 156. The unpaid seller may alternatively provide notice of intent through its ordinary and usual billing or invoice statements. 7 U.S.C. § 499e(c)(4); *Tanimura*, 222 F.3d at 136.

**3.     Temporary Restraining Order Standard**

The purpose of a temporary restraining order is to preserve the *status quo* before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999); *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *Roe*, 134 F.3d at 1402 (*quoting United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)); *accord Sun Microsystems*, 188 F.3d at 1119. "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown.'" *Sun Microsystems*, 188 F.3d at 1119 (*quoting National Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)).

Although courts are required to adhere to the TRO standard and money damages are generally not considered irreparable harm, PACA provides a more expansive understanding of irreparable harm.

08cv930

**4.    Discussion**

Plaintiff relies, *inter alia,* on the case of *Tanimura & Antle, Inc. v. Oacjed Fresh Produce*, 222 F.3d 132 (3rd Cir. 2000) in support of its application for TRO.  In *Tanimura*, a produce supplier sought injunctive relief against a retailer to whom it sold wholesale produce for which the retailer did not fully pay.  The injunction was requested to prevent further dissipation of PACA trust assets.  The Third Circuit concluded that dissipation of PACA trust assets can render money damages inadequate, thereby necessitating equitable relief.  The Court recognized that once the PACA trust is dissipated, it is almost impossible for the beneficiary to obtain recovery, thus the prevention of trust dissipation becomes essential to any meaningful remedy.

Applying the preliminary injunction factors to the facts, the *Tanimura* Court concluded that the supplier had a high probability of success on the merits in its suit to enforce payment because the supplier sufficiently demonstrated its entitlement to payment, and its status as a trust beneficiary with a perfected interest.  The Court noted that the supplier suffered irreparable injury when the trust was depleted and funds were not available for immediate repayment.  The Court also concluded that issuance of a preliminary injunction was in the public interest because PACA's statutory purpose "is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest." *Tanimura*, 222 F.3d at 140, fn 7 (quoting 7 U.S.C. § 499e(c)(1)).

Plaintiff's argument regarding irreparable harm focuses on the effect defendants' non-payment has on the plaintiff.  Plaintiff has submitted the declaration of Yan Skwara, plaintiff's president and CEO, in support of its application.  Although a plaintiff may suffer injury as a result of defendants' failure to pay the amounts due, that injury by itself is insufficient to warrant a temporary restraining order.  Rather, courts interpreting PACA have held that to warrant injunctive relief, a plaintiff must show the defendant's inability to make payment or "that the trust is dissipated or threatened with dissipation." *Frio Ice*, 918 F.2d at 159; *see also Tanimura*, 222 F.3d at 140-41 (finding irreparable harm because the trust was depleted and payment was not readily forthcoming or available); *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79-80 (2d Cir. 1990) (holding that the plaintiff had not shown irreparable harm in light of defendant's

08cv930

1   showing of substantial current assets and sound financial health); *JC Produce, Inc. v. Paragon*

2   *Steakhouse Restaurants, Inc.*, 70 F. Supp. 2d 1119, 1122-23 (E.D. Cal. 1999) (finding

3   irreparable harm because defendant was in difficult financial circumstances).

4       Here, plaintiff has made some showing that defendants are dissipating the PACA trust

5   funds and are in a difficult financial position because defendants' payment checks have been

6   dishonored several times for insufficient funds.  This is similar to the evidence that supported an

7   injunction in *Tanimura*.  222 F.3d at 134-35 & n.2 (bounced checks and repeated promises to

8   pay demonstrates irreparable hard.).  Plaintiff therefore has shown irreparable harm.

9       Plaintiff has also established a likelihood of success on the merits.  Plaintiff submitted

10   evidence demonstrating that it is a PACA trust beneficiary with a perfected interest and that it is

11   owed money for shipments of produce to defendants.

12       Having demonstrated both irreparable harm under PACA and the likelihood of success on

13   the merits, plaintiff is entitled to a temporary restraining order.  Bond shall be waived in view of

14   the fact that defendants now hold $95,064.00 worth of plaintiff's assets.

**5.    Conclusion**

Based on the foregoing, **IT IS HEREBY ORDERED**:

    a.    That Defendants, their counsel, agents, officers, assigns, or representatives be and

           hereby are restrained and enjoined pending the hearing and determination of

           Plaintiff's motion for preliminary injunction from:

          1.   Removing, withdrawing, transferring, assigning, or selling to any other

               person or entity, the proceeds from the sales of any or all existing or future

               inventories of food or other products derived from perishable agricultural

               commodities as defined in PACA, 7 U.S.C. § 499a(b), or receipts of

               payment for such agricultural commodities sold prior to the date of this

               order, provided, however that defendants may sell perishable agricultural

               commodities or products derived from perishable agricultural commodities

               for fair compensation without right of set-off, on the condition that

               defendants maintain the proceeds of such sale subject to this order.

2.    Taking any other action which causes dissipation of plaintiff's interest in PACA trust assets; or

3.    Taking any action that violates the provisions of 7 U.S.C. § 499b(4).

b.    This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

c.    The $95,064.00 in PACA trust assets belonging to plaintiff and in the possession of defendants will serve as plaintiff's security for this injunction as required by Federal Rule of Civil Procedure 65(c).

d.    A hearing to show cause why a preliminary injunction should not issue in this case is set for hearing on **June 20, 2008** at 2:30 p.m. in Courtroom 14.  Defendants shall file an opposition to the imposition of a preliminary injunction not later than June 17, 2008 at 4:00 p.m.  Plaintiff may file a reply memorandum not later than 10:00 a.m. on June 19, 2008.

**IT IS SO ORDERED.**

DATED:  June 9, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

08cv930